## HAMILTON. *v.* THE STATE.

A prisoner indicted for a crime requested a continuance on account of the judge having been employed by him as counsel before his election to the bench; but the state waived any objection to the judge on that account. *Held*, that the continuance was properly refused.

The prisoner then moved for a continuance in order to procure the testimony of an absent witness; but the state admitted that the witness would swear to the facts alleged in the prisoner's affidavit, but reserved the right to impeach her credibility. *Held*, that the motion was correctly overruled.

The prisoner then moved for a continuance upon an affidavit stating that he was informed that morning only that one *H.* was to be introduced as a witness against him, and that he had, until then, believed that said *H.* was confined in jail in *Marion* county, and, therefore, did not deem it necessary to subpœna witnesses to impeach his testimony, and that if the cause should be continued he could procure the attendance of witnesses whose names he could not then state, by whom he could prove that said *H.* was a man of bad general character and unworthy of belief, &c. *Held*, that the motion was rightly overruled.

Confessions made by a prisoner, after he has been professionally advised of their effect, are admissible in evidence against him.

It is not the duty of the Court to give irrelevant instructions to the jury.

ERROR to the *Wayne* Circuit Court.

SMITH, J.—This was an indictment for arson. The defendant was found guilty and sentenced accordingly. Motions for a new trial and to arrest the judgment were overruled.

Upon the cause being called the defendant requested a continuance on the ground that the judge of the Court had been employed by him as counsel, before his election to the bench, and the counsel for the state thereupon waived any objection to the judge and a continuance was refused.

The defendant then moved for a continuance upon an affidavit stating that he could not safely go to trial, in consequence of the absence of a witness who would testify that on the night the arson was alleged to have been committed, the defendant was at the house of the witness from dusk until he went to bed, and was there early in the morning, and that he was not out of the house that night; whereupon the counsel for the state admitted that the witness named would testify to these facts, but reserved the right to impeach her credibility. The defendant insisted that the case should be continued unless the counsel for the state would admit the truth of the facts the evidence would conduce to prove, which he refused to do.

The defendant then moved again for a continuance upon an affidavit stating that he was informed that morning only, that one *Harkrider* was to be introduced as a witness against him, and that he had, until then, believed said *Harkrider* was confined in jail in *Marion* county, and, therefore, did not deem it necessary to subpœna witnesses to impeach his testimony; and that if the cause was continued he could procure the attendance of witnesses, whose names he could not then state, by whom he could prove that said *Harkrider* is a man of bad general character and unworthy of belief in a Court of justice.

The defendant has no reason to complain of the decisions of the Court overruling these several motions for a continuance. He had all the advantage he could have

Nov. Term,
1852.

HAMILTON
v.
THE STATE.

*Friday,
December* 24.

derived from the testimony of the witness named in his
first affidavit if she had been personally present, and the
other reasons offered for a continuance are manifestly in-
sufficient.

On the trial, the prosecuting attorney offered to prove
by certain admissions of the defendant that he had com-
mitted the offense charged against him, whereupon some
testimony was elicited relative to the circumstances un-
der which the admissions were made, with the view of
showing that they had been extorted by improper influ-
ences.  It appeared that the defendant had been arrested
on a charge of larceny, and, being taken into a room, in-
quiries were made of him relative to the arson which had
been committed, in the presence of one *Crawford*, the pro-
prietor of the building which had been burned, *Jonathan
Newman*, and some other persons.  A conversation then
took place as to whether the defendant would be benefit-
ed by making a confession.  Some of the persons present
said they thought he would, and that if he became state's
evidence it would be easier for him, or that it was custo-
mary under such circumstances for a *nolle prosequi* to be
entered.  Others of the persons present told him that his
admissions would not benefit him, and he was unwilling
to make any admissions without the advice of a lawyer.
An attorney at law was then sent for, who told the de-
fendant that his confessions would be of no advantage to
him, further than they might recommend him to the cle-
mency of the Court, and that if he did make confessions
he must do so in full view of all the circumstances, and
they might or might not operate in his favor.

After hearing this evidence the Court permitted the said
*Crawford* and *Newman* to testify that, immediately after
the conversation above stated, the defendant confessed to
them that he had committed the offense charged in the
indictment.

Afterward the defendant requested the Court to in-
struct the jury, that if they believed the confessions made
in the presence of *Crawford* and *Newman* were made un-
der the influence of expectations of favor held out to the

defendant, those confessions should be disregarded; which instruction the Court refused to give.

We think it sufficiently appears that the admissions objected to were not made under the influence of expectations of favor improperly held out to the defendant. It is shown that he did not depend upon the representations made by some of the persons present that he would be thereby benefited, but made the confessions after being warned by a lawyer sent for at his request, that such representations were erroneous. The admissions were, therefore, properly admitted in evidence, and the instruction asked for might have been correctly refused on the ground that it was irrelevant.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman, J. P. Siddall,* and *N. H. Johnson,* for the plaintiff.

*D. S. Gooding,* for the state.