## THE STATE *v.* FLEMONS.

May Term,
1855.

THE STATE
v.
FLEMONS.
6   279
150  101

When the bill of exceptions states the order of events differently from the other portions of the transcript, the bill of exceptions will be taken as true.

The statute in regard to continuances in civil cases does not apply to state prosecutions.

The state, in criminal prosecutions, being represented by an officer who is not cognizant of the facts, it rarely occurs that he can make the affidavit for a continuance required in civil causes; but still some diligence must be used to prepare for a trial. The matter is left very much to the discretion of the Court, whose duty it is, on the one hand, to see that the laws are properly executed against offenders, and, on the other, that they have a trial without unnecessary delay.

ERROR to the *Tippecanoe* Court of Common Pleas.

*Friday, June 1.*

GOOKINS, J.—The defendant was arrested and examined before a justice of the peace, on the 1st day of *April,* 1853, on a charge of open and notorious adultery, of which she was found guilty by the justice, and recognized to appear in the Court of Common Pleas to answer to said charge. The justice filed a transcript of his proceedings, with the affidavit and other papers in the cause, in the Common Pleas, on the 4th day of *April,* being the first day of the term; and on the same day the district attorney filed an information against the defendant, embodying the charge contained in the affidavit. On the following day the defendant appeared and demurred to the information. The questions arising upon the demurrer were held under advisement until the eighth day of the term, when the demurrer was correctly overruled. On the following day, as the transcript states, the cause was dismissed for want of prosecution, and the defendant discharged from her recognizance.

A bill of exceptions taken by the state says, that when the cause was called for trial, the prosecuting attorney had the witnesses called on their recognizances, and duly forfeited; that on the next day the defendant appeared by her attorney and demanded a trial, when the prosecuting attorney moved the Court for a continuance, on account of the absence of the witnesses for the state, by whom, he

stated, he expected to be able to prove the offence charged against the defendant; but the Court overruled his motion, and dismissed the cause.

The bill of exceptions states the order of events somewhat differently from the other portions of the transcript, and when this is the case, the bill of exceptions will be taken as true, and will correct the other portions of the record, for the reason that the minutes are kept by the clerk, but the bill of exceptions brings the facts distinctly to the attention of the judge who signs it.

Whether the cause was called for trial on the day the demurrer was decided or not, is still left in some doubt; but, at all events, the bill of exceptions shows that it was not dismissed on the day it was so called, but on the following day, and also that the witnesses were in default one day before the cause was dismissed.

The statute in regard to continuances in civil cases, does not apply to state prosecutions. The state is represented by an officer who is not cognizant of the facts, and it would rarely occur that he could make the affidavit for a continuance required in civil causes. Still there must be some diligence used to prepare for a trial. The matter is left very much to the discretion of the Court, whose duty it is, on the one hand, to see that the laws are properly executed against offenders, and, on the other, that they have a trial without unnecessary delay. In this case, the witnesses may have been very near at hand; they had been called the day previous, and were found to be absent. The cause was not then called for trial, but another day was given, during which no effort seems to have been made to prepare for trial, nor is any excuse shown for not making it. On taking a forfeiture of the recognizances of the witnesses, the attorney for the state might have had the cause continued, had he chosen to take that course; but as he did not do so, and another day was given, it ought to have been shown that some effort had been made to procure their attendance, either by subpœna, attachment, or otherwise, or that such efforts would have been probably unavailing.

It is not so clear to us that the Court departed from a sound discretion in the proceeding, as to justify us in reversing the judgment.

*Per Curiam.*—The judgment is affirmed.

*L. Reilly,* for the state.

*W. F. Lane,* for the defendant.