Nov. Term,
1856.

DEMING
v.
FERRY.

---

## DEMING *v.* FERRY and Others.

A motion for a continuance is addressed to the discretion of the Court, and unless a strong case is presented, this Court will not revise a decision on the subject.

Sickness does not excuse lack of diligence in procuring testimony, unless it be shewn that there was not time between the service of pro-

cess and the commencement of the illness, to enable the party to procure the testimony.

*Quære,* whether sickness will, in any case, excuse lack of diligence, unless it be such as to disable the party from employing an agent.

The distance and facilities of travel between the party's residence and that of the proposed witness, may be considered in determining the validity of such excuse.

Nov. Term,
**1856.**

DEMING
v.
FERRY.

APPEAL from the *Johnson* Court of Common Pleas.

*Thursday, January 8, 1857.*

DAVISON J.—The appellees, who were the plaintiffs, sued *Joseph G. Deming* upon a promissory note for the payment of 748 dollars. The defendant answered that the note was given upon settlement for a balance then supposed to be due from him to the plaintiffs, but was in fact given for 35 dollars more than was due at the time it was executed; that the 35 dollars were omitted as a credit in favor of the defendant in the settlement, through mistake, &c. Replication in denial of the answer.

On the tenth day of the term, the defendant moved for a continuance, and in support of his motion filed an affidavit which is as follows:

"The defendant, being duly sworn, &c., says, that the note sued on was given for a supposed balance due from him to the plaintiffs on certain other notes and accounts; that on the day it was given, a hurried settlement was had between them; and that he signed the note with an express agreement with one of the plaintiffs, that it should be returned to him, defendant, and all mistakes, if any, corrected, before it was sued on—which they failed to do, but, on the contrary, instituted this suit forthwith; that before the execution of said note, he sent by *Adams's Express Company* to the plaintiffs, 100 dollars, to be credited on the account for which the note was given, and upon looking over said account, after it was executed, he found that only 67 dollars and 75 cents of the 100 dollars had been entered to his credit, which fact was overlooked at the time of the settlement; that he can prove the delivery of the 100 dollars by the distributing agent of said express company who, as he has been informed and verily believes, was, at the com-

mencement of this suit, and now is, a resident of *Louisville, Kentucky;* that the name of said agent is unknown to affiant, but he verily believes that he can procure said witness's testimony by the next term of this Court, if this case be continued; that he believes said facts to be true, and has a good defense to part of this suit; that the process in this case was served upon defendant just eleven days before the first day of the present term of this Court; that he was taken sick the week after he was served, and remained sick until the second day of this Court, and was unable to prepare for the defense of the case, and to procure the testimony of said witness, and that he knows of no other witnesses by whom he can prove the above facts, whose testimony can be more readily procured."

The motion was overruled. Whereupon the cause was submitted to the Court, who gave judgment for the plaintiffs. The refusal to grant a continuance is the only error assigned.

We have repeatedly held that the propriety of refusing or granting continuances depends so much upon the discretion of the Court to whom the motion is made, that it must be a very strong case that would induce this Court to revise a decision on that subject (1). The affidavit, in this case, does not assume that due diligence has been used to procure the testimony of the witness, but attempts to set up an excuse for not using it. Process was served on *Thursday,* just eleven days before the first day of the term; and the affidavit virtually admits that that space of time was sufficient for the purpose of obtaining the testimony; but it is alleged that he was taken sick the week after he was served.

Now, for aught that appears, there was ample time, between the service of the process and the commencement of his ill health, to have procured the agent's deposition; because it is not shown at what day within the week after service he was taken sick. Nor is it very plain that mere sickness should be allowed to excuse the use of diligence, unless it be such as would disable

the party from employing an agent to transact the business. And further, the distance, and facilities of travel between the defendant's residence and that of the proposed witness, might be considered in reference to the question, whether there was such excuse; but on that point of fact, the affidavit is silent. We are not prepared to say that the continuance was improperly refused.

*Per Curiam.*—The judgment is affirmed with 7 per cent. damages and costs.

*G. M. Overstreet*, and *A. B. Hunter*, for the appellant.

*S. P. Oyler*, for the appellee.

Nov. Term, 1856.

(1) *Detro* v. *The State*, 4 Ind. R. 200.—*The State* v. *Flemons*, 6 *id.* 279. —*Driskill* v. *The State*, 7 *id.* 388.—*Makepeace* v. *The State*, *ante*, 41.