May Term,
1857.

Miller
v.
The State.

*Monday,*
*June 8.*

Miller v. The State.

Indictment for larceny. Affidavit for continuance to obtain the testimony of a witness, who would swear to certain facts. The prosecuting attorney, to avoid a continuance, offered to admit that the witness would swear as stated. Defendant claimed that he must admit that what the witness would swear to, is true. But the Court ruled the admission offered sufficient, and refused the continuance. *Held*, that the admission should have been as claimed by the defendant.

APPEAL from the *Allen* Circuit Court.

Perkins, J.—Indictment for the larceny of the goods of *Daniel Whitaker*.

Affidavit for continuance to obtain the testimony of a witness, who would swear that the defendant got the goods charged to have been stolen, in good faith of said witness. To obviate the necessity of a continuance, the prosecuting attorney offered to admit that the absent witness would swear as defendant claimed that he would. Defendant insisted that such an admission was not sufficient; that it should be that the fact which the absent witness would swear to was true. The Court ruled the admission offered to be made by the prosecutor sufficient, and refused the continuance. The trial proceeded, and the defendant was convicted.

It has already been settled by this Court that the ruling below was erroneous. The admission should have been, as claimed by the defendant, that the fact which the affidavit stated the absent witness would swear to, was true. This is required by the statute, and is the rule in civil and criminal cases. *McLaughlin* v. *The State*, at the last term (1).

*Per Curiam.*—The judgment is reversed. Ordered that the keeper of the state prison be notified to return the prisoner for a new trial.

*Walter March*, for the appellant.

*J. W. Gordon* and *P. S. Kenedy*, for the state.

(1) 8 Ind. R. 281. That case follows *Wheeler* v. *The State, id.* 113, which see.