## THE STATE *v.* NORMAN.

When a continuance is asked on the part of the State in a criminal prose-cution, on account of the absence of a material witness, it must be shown that some degree of diligence has been exercised to procure the testimony. The matter is left very much to the discretion of the Court, whose duty it is, on the one hand, to see that the laws are properly executed against offenders, and on the other, that they have a trial without unnecessary delay.

APPEAL from the *Miami* Common Pleas.

WORDEN, J.—Information against *Norman* for malicious trespass, in setting fire to and destroying certain shocks of wheat.

The information appears to have been filed at, or before, the *January* term, 1860, of the Court. Afterward, on the third judicial day of the *April* term succeeding, the cause being called for trial, the District Attorney "suggested to the Court that *Levi Floor*, one of the witnesses on behalf of the State, was not in attendance on the Court, and proved by the clerk of the Court that a subpœna had been issued to the sheriff of *Miami* county, *Indiana*; and also stated to the Court that the State expected to prove by said *Floor*, that he saw the defendant set fire to the wheat, as charged in the information;" and moved to postpone the trial of the cause until the next morning, but the motion was overruled, and the State excepted. The Court required the District Attorney to proceed with the trial of the cause, to which he also excepted, and thereupon dismissed the prosecution on account of the non-attendance of the witness; and judgment was rendered that the defendant be discharged.

The State appeals, and assigns the rulings above stated as error.

We can by no means say that there was any error committed by the Court. Admitting that the statute in regard to continuances in civil cases does not apply to State prosecutions, still there must be some diligence used to prepare for trial. *The State* v. *Flemons*, 6 Ind. 279. As was said in the case just cited, "the matter is left very much to the discretion of the Court; whose duty it is, on the one hand, to see that the laws are properly executed against offenders, and on the other, that they have a trial without unnecessary delay." In the case before us, it does not appear that a subpœna had been issued for the witness named. The bill of exceptions shows that it was proved that a subpœna issued to the sheriff of *Miami* county, but it does not show that it was issued for the witness named. But if this were to be implied, still it does not appear that it was suggested or shown to the Court that the witness resided in *Miami* county, and, therefore, that the State had reason to suppose that the witness had been subpœned.

Again, the cause was not disposed of until the third day of the term. During the first and second days, the State

May Term, had an opportunity of ascertaining whether her witnesses
1861. had been subpœned, and if not, to have it done, so as to
THOMPSON be ready for trial upon the calling of the cause, or to show
v. some valid reason for the delay.
SCHENCK.

We do not perceive any abuse of discretion on the part of
the Court, that calls for a reversal of its rulings.

*Per Curiam.*—The appeal is dismissed.

*John Guthrie*, for the State.

*Ross & Effinger*, for the appellee.