## WASSELS v. THE STATE.

INDICTMENT.—INDORSEMENT.—The signature of the foreman of the grand jury by the initials of his christian name to the indorsement on an indictment is sufficient.

CONTINUANCES IN CRIMINAL CASES.—Section 322 of the civil code, and the amendatory act of 1865, (Acts 1865, p. 61,) relate only to continuances in civil cases. Page 31.

SAME.—Applications for continuances are addressed to the sound discretion of the court to which they are made, and the Supreme Court will revise the decision of the lower court only when that discretion has been clearly abused. Page 32.

SAME.—The accused is entitled to have the witnesses whose evidence is material to his defense present at the trial, if they are within reach of the process of the court, and may have a continuance for a reasonable time to procure their attendance. Page 33.

SAME.—Where a proper case is made by the accused for a continuance, the State cannot avoid the continuance by an admission that the absent witness would, if present, testify as stated in the affidavit. If the facts stated in the affidavit are admitted to be true, the court might properly refuse the continuance.

APPEAL from the *Marion* Circuit Court.

ELLIOTT, J.— *Wassels*, the appellant, was tried and convicted in the *Marion* Circuit Court on an indictment for grand larceny, and sentenced to imprisonment in the State prison for the term of two years. He appeals to this court, and presents several questions, reserved by motion for a new trial and in arrest of judgment, for a reversal of the judgment of the Circuit Court.

The record shows that one *Samuel D. Maxwell* was duly appointed foreman of the grand jury that returned the indictment. The indictment so returned was indorsed "A true bill," and signed "*S. D. Maxwell*, foreman." The defendant moved the court to quash the indictment on the ground that it should have been signed by *Maxwell*, the foreman, by his full name, and this is one of the questions urged for a reversal of the case. The ruling of the court was right.

When the case was called for trial, the defendant filed an affidavit, and thereupon asked that the trial of the cause be continued until the succeeding term of the court, on account of the absence of two witnesses whose evidence was material to his defense.  The affidavit contained all the requisite statements to entitle him to a continuance.  The prosecuting attorney thereupon offered to admit on the trial "that the absent witnesses, if present, would testify to the facts set forth in the affidavit as true, but would not admit that they were in fact true."  The court overruled the motion for a continuance, and compelled the defendant to go to trial in the absence of the witnesses.  The defendant excepted to the ruling of the court.

Section 322 of the civil code, as originally enacted, provided that if, upon a motion being made by one of the parties to a suit, upon affidavit, for the postponement of the trial on account of absent evidence, the adverse party would consent that on the trial the facts sought to be proved should be taken as true, the trial should not be postponed for that cause.  But in 1865 that section was amended, and now provides that when the trial is sought to be postponed on account of an absent witness, if the adverse party will consent on the trial that the absent witness will testify to the facts sought to be proved by him as true, the trial shall not be postponed for that cause; but the party against whom such evidence is used shall have the right to impeach such absent witness, as in cases where the witness is present, or his deposition is used.  Acts of 1865, (Reg. Sess.,) 61. This statutory provision, however, relates only to continuances in civil causes, and does not apply to criminal prosecutions.  *The State* v. *Flemons*, 6 Ind. 279; *McLaughlin* v. *The State*, 8 Ind. 281.  The statute regulating the practice in criminal cases contains no direct provision on the subject of continuances, but by section 172 of that act it is provided that " The laws and usages of this State, relative to pleading and practice in criminal actions, not inconsistent herewith, as far as the same may operate in aid hereof, or to

supply any omitted case, are hereby continued in force."
2 G. & H., p. 428.

Under the revision of 1843, a party making an affidavit
for the continuance of a cause on account of an absent
witness was required to state therein, in addition to the
other necessary matters, the substance or principal facts
expected to be proved by such witness, in order that the
court might judge of the materiality thereof. R. S. 1843,
§ 262, p. 719. That provision applied to both civil and
criminal cases; but the statute contained no provision au-
thorizing the adverse party to avoid the continuance by an
admission, in any form, of the facts expected to be proved
by the absent witness.

Applications for continuances are addressed to the sound
discretion of the court to which they are made, and this
court will revise a decision of the lower court on that sub-
ject only in a clear case of the abuse of that discretion.
*Pine* v. *Pro*, 6 Blackf. 426.

In *Hamilton* v. *The State*, 3 Ind. 552, the defendant, who
was indicted for arson, moved the court for a continuance,
on an affidavit filed, on account of the absence of a material
witness. The counsel for the State thereupon admitted
that the witness named would testify to the facts stated in the
affidavit, but reserved the right to impeach her credibility.
The court, upon this admission being made, refused to con-
tinue the cause. In affirming the ruling of the lower court,
it is said that the defendant "had all the advantage he could
have derived from the testimony of the witness named in
his affidavit if she had been personally present." It is to
be observed that this decision was made after the passage
of the code of 1852, but before it was published, and could
not therefore have been based upon the provision of the
code to which we have referred. But the ruling in
that case was subsequently overruled in *McLaughlin*
v. *The State*, 8 Ind. 281, in which it was held that the
court below should have granted the continuance, or re-
quired that the facts sworn to should be admitted to be

true, and not merely that the witness would so swear. It was said in that case that "the provisions of the civil code do not necessarily govern in criminal practice; but it is reasonable to consult them in the absence of special provisions in the criminal code, in establishing rules, as the court must, in relation to procedure in criminal cases." See, also, *Wheeler* v. *The State, id.* 113.

The same question was again presented in *Miller* v. *The State*, 9 Ind. 340, in which the court said: "It has already been settled by this court that the ruling below was erroneous. The admission should have been, as claimed by the defendant, that the fact which the affidavit stated the absent witness would swear to was true. This is required by the statute, and is the rule in civil and criminal cases." *McLaughlin* v. *The State, supra*, was referred to.

We have seen that the provision of the civil code, as originally enacted, and as amended in 1865, applies only to civil cases, and not to criminal prosecutions, and as we find no statute or adjudication on the subject in this State prior to the code of 1852, we must determine the question by a reference to the common law.

The right of a person charged with the commission of a crime to a fair trial, and to a reasonable postponement of the trial to enable him to procure witnesses necessary to his defense, upon a proper showing by affidavit, are too well settled to require either authority or argument in their support. The right of the accused "to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor," is secured to him by the constitution of the State. The common law practice required that the witnesses, both for and against the accused, should be present and testify in open court. Neither party could take and read depositions of absent witnesses, and the defendant can only do so under the statute by entering his consent of record that the State may also take depositions to be used against him.

We think that it is the undoubted privilege of the accused to have the witnesses whose evidence would be material to his defense present at the trial, if they are within reach of the process of the court, and that he is entitled to a continuance when it is necessary to give reasonable time and opportunity to procure their attendance. It is insisted by the counsel for the State that the admission on the part of the prosecution in this case, that the witnesses named would testify to the truth of the facts which the defendant claimed he could prove by them, gave him the benefit of their evidence as fully as if they had been present and testified thereto on the trial before the jury, and that the defendant, therefore, was not prejudiced in his defense by the refusal of the court to grant the continuance. We are not prepared to sanction this assumption. We think the conclusion does not necessarily follow from the fact stated. The evidence against the defendant showed that the horse alleged to have been stolen by him was found in his possession soon after the larceny. He admitted the possession of the horse in his affidavit for a continuance, but claimed that he purchased him in good faith from one of the witnesses whose testimony he sought to procure. There was no evidence given directly impeaching the credibility of the absent witnesses, and if the court, to which the issue was submitted for trial without a jury, had believed it true that the defendant purchased the horse in good faith as alleged, we can scarcely presume that the trial would have resulted in a conviction. The witnesses were not in court; they had not sworn or testified to anything in the case; and in determining the question, if the evidence of the witnesses sworn and examined in the presence of the court was inconsistent with the statement of the defendant that he had purchased the horse as alleged in his affidavit, it would be difficult to exclude from the consideration of the question the fact that, in truth, no witness had sworn to the purchase, or to give to the admission the same weight and credit to which the testimony of the witnesses might be

entitled if they had testified to the fact under oath. Besides, the admission did not, and could not, give to the defendant the benefit of the test of the probity of his witnesses so often afforded by their presence, conduct and appearance on examination and cross-examination in open court.

An unconditional admission of the truth of the facts sought to be proved by the absent witnesses would necessarily have a different effect. They would go to the jury as admitted facts in the case, not open to controversy, and it would be a positive duty of the jury so to consider them in determining the question of the defendant's guilt. Such an admission, we think, would give the accused all the benefit that he could derive from the testimony of the witness if present at the trial, and would therefore justify the court in refusing a continuance. Even this practice, though sustained, seems to have been doubted and has not been encouraged. *The People* v. *Vermilyea*, 7 Cowen 369; *Dominges* v. *The State*, 7 Smedes & Mar. (Miss.) R. 475.

We think the court erred in refusing to continue the case. The judgment is reversed, and the cause remanded to the proper court for a new trial. The clerk is directed to issue the proper order.

*S. A. Colley* and *J. C. Bufkin*, for appellant.

*D. E. Williamson*, Attorney General, for the State.