## WELCOME v. BOSWELL.

CONTINUANCE.—*Affidavit.*—*Absence of a Party.*—*Statute Construed.*—Under section three hundred and twenty-three of the practice act of this state, a continuance of a cause on account of the reasonable absence of a party thereto, who is a competent witness in his own behalf as to the material facts in issue therein, may be had upon an affidavit setting forth such absence, the reason therefor and the facts so to be testified to, specifically, though omitting some of the formal allegations required under section three hundred and twenty-two of such act, as to the absence of one who is merely a witness.

From the LaPorte Circuit Court.

*T. S. Cogley* and *J. S. Armstrong*, for appellant.

*J. A. Thornton* and — *Orr*, for appellee.

NIBLACK, J.—This was an action in the court below, by the appellee, against the appellant, for services as master of the steamer, Grace Donner, of which the appellant was the owner.   An affidavit was also filed, supplemental to the complaint, on which a writ of attachment was issued and levied on said steamer.

There was an appearance for the appellant, and an answer in three paragraphs.

First.   A general denial.

Second.   Payment.

Third.   A set-off and counter-claim.

There was a reply in denial of the second and third paragraphs of the answer.

Before the cause came on for trial, the appellant's attorney, on his behalf, moved for a continuance, and in support of their motion filed an affidavit, the substantial part of which is as follows:

"Thomas S. Cogley, being duly sworn, on his oath says that he is attorney for the defendant, Frank D. Welcome, in the above entitled cause, and that he makes this affidavit for and on his behalf; that said Welcome resides at Port Huron, in the state of Michigan; that he is detained at his home by the dangerous illness of his wife, as affiant is informed and believes; that affiant was not employed in the defence in time to get the deposition of said defendant, and affiant has been informed and he believes that the defendant has been anxiously watching for a favorable change in the illness of his wife, so he could safely leave her to attend the trial of this cause; that he, affiant, believes the defendant has a meritorious defence to the above action; that he expects to prove by him that he is the owner of the steam-tug, Grace Donner; that he employed the plaintiff to take charge of said vessel as

master; that the services rendered by the plaintiff for the defendant were as master of said steamer and in no other capacity; that the plaintiff, as such master, received all the money and earnings of said vessel and applied them to the payment of himself for his services as master; that said plaintiff not only paid himself for his said services out of the moneys of said steamer and of the defendant, but that he appropriated large sums of money earned by said steamer and belonging to the defendant, in excess of the indebtedness of defendant to plaintiff two or three hundred dollars, as affiant is informed and believes; that affiant believes the defendant will testify to the above facts, and that he believes they are true; that he believes the testimony of said defendant can be procured by the next term of this court; that he, affiant, knows of no other witness by whom he can prove the facts above set forth, whose testimony can be as readily procured," etc.

The court overruled the motion for a continuance, to which ruling the appellant excepted.

The cause was then submitted to the court for trial, and there was a finding for the plaintiff in the sum of two hundred and nineteen dollars and seventy-five cents.

A motion for a new trial was submitted and overruled. Judgment was rendered on the finding, and an order made for the sale of the steamer under the attachment proceedings.

The refusal to grant a continuance of the case was assigned as a cause for a new trial.

Applications for continuances are addressed to the sound discretion of the court to which they are made. When the application is made on account of the absence of a witness, merely, certain formal and necessary facts must be shown by affidavit, to entitle the party to a continuance. See 2 R. S. 1876, p. 164, sec. 322. In other cases, good cause only need be shown by affidavit or otherwise. See 2 R. S. 1876, p. 165, sec. 323. In the case before us, the appellant was more than a witness in his relations to

the action. He was also a defendant, and the only defendant in the cause. The rule, therefore, governing the application for a continuance on account of the absence of an ordinary witness, was not, in our opinion, strictly applicable to him, in the motion made in his behalf for the continuance of this cause. His application, we think, was not within any strict statutory rule, but was addressed to the sound legal discretion of the court.

The affidavit shows what we consider a reasonable excuse for the absence of the appellant when the motion for a continuance was entered. It also shows the materiality and importance of the proposed testimony of the appellant, to the issues in the cause. By its terms it fairly excludes every conclusion that the application was for delay merely. The action, too, involved mutual dealings of the parties, about which it was desirable both sides should be fully heard, if practicable. We think that, in the exercise of a proper judicial discretion, the court below ought to have continued the cause, and that, consequently, it erred in refusing to do so.

This court is reluctant to revise the decision of the lower courts in cases like this which rest in their discretion, but cases sometimes reach us in which such a revision is both necessary and proper. We think this such a case. See *Wassels* v. *The State*, 26 Ind. 30.

The judgment is reversed, and the cause remanded for further proceedings.