## MONTGOMERY v. WILSON ET AL.

CONTINUANCE.—*Affidavit.—Practice.*—An objection to going into trial, by the counsel of a party to a cause called for trial, on account of the sickness and absence of his client, is not sufficient, when not accompanied by a proper affidavit and motion for a continuance.

NEW TRIAL.—*Affidavit for.—Practice.*—A motion for a new trial, based upon an affidavit of the party asking it, stating his absence from the trial on account of sickness, must show that he had a good defence to the action, clearly identifying it.

From the Fayette Circuit Court.

*J. S. Reid,* for appellant.

*A. M. Sinks,* for appellee.

BIDDLE, C. J.—Complaint by the appellees against the appellant, on a promissory note.

Answer, want of consideration and fraud, specifically alleged.

Trial by the court; finding for appellees; motion for a new trial; overruled; exceptions; judgment; appeal.

A bill of exceptions informs us, that "Now comes the parties, by their attorneys, Farry for plaintiff and Reid for defendant, and said cause being called for trial, the said Reid, on behalf of the defendant, objected to going into the trial at the present hour of the day, on account of the absence of his client, who was old and infirm in health, and unable to attend court, but the plaintiffs demanded a trial *instanter,* and the court sustained the motion, and a jury being waived, the court, after hearing," etc.

There is no substantial fact here shown why the court

should have delayed the trial—no affidavit for a continuance, no motion for a continuance, only the objection of the attorney to " going into the trial at the present hour of the day, on account of the absence of his client ; " no showing when he could have his client present, or of what use he would have been to the defence, if he had been present; nor, indeed, that he had any defence at all.

After the finding by the court, and under the motion for a new trial, the appellant filed his affidavit, stating that he was absent at the time of the trial on account of being unwell; that there was nothing due upon which the note was or could be based ; that there was not then due Mrs. Post any thing ; that Farry persuaded him to sign the note, etc.; but his affidavit does not show what connection a debt due Mrs. Post had with the note in suit, which is payable to the appellees; nor when nor how he can prove his defence. There is no substantial fact in the affidavit upon which to base a motion for a new trial.

The appellant also insists, that the " damage assessed is not sustained by the evidence." The evidence not being in the record, we cannot examine this question, but must presume in favor of the finding below.

The judgment is affirmed, with costs.