No. 9593.

### BURKHART ET UX. *v.* MERRY.

CONTINUANCE.—*Affidavit.*—When a cause was reached for trial, an affidavit for a continuance was filed in behalf of the defendant, showing that he and his wife had gone twelve miles distant, expecting to return to the trial; that she was diseased; that the weather was inclement; that they could return only by wagon; that there was a meritorious defence, and no injury would result from a continuance. *Held*, that the affidavit was insufficient.

DEFAULT.—*Setting Aside.—Affidavit.—Diligence.*—In a suit to foreclose a mortgage against husband and wife, she did not appear; he pleaded several payments. When the cause was reached for trial, and a continuance had been refused him, he also made default, and after judgment moved to set aside the default, in support of which it was shown by affidavit that his wife was so diseased that exposure to bad weather would endanger her life; that she had for a fortnight before the trial, expecting to return to it, been in the country with a sick relation; that during a period of five days before the day of trial, and until afterwards, bad weather made it impossible for her to return, and that "she can show credits" which ought to be allowed. *Held*, that the affidavit was insufficient.

From the Vigo Circuit Court.

*J. W. Shelton* and *M. Hollinger*, for appellants.

*N. G. Buff, J. T. Pierce, D. T. Morgan* and *W. Mack*, for appellee.

BICKNELL, C. C.—This was a suit by the appellee against the appellants upon two notes and a mortgage. The appellant Regina failed to appear, and was defaulted. The appellant William H. answered, claiming credits and averring payment. The appellee replied in denial. Afterwards William H. withdrew his appearance. The damages were assessed by a jury and judgment of foreclosure was rendered against both defendants, with a personal judgment against William H.

The appellants assign several errors, but discuss in their brief only two of them, viz.:

1. The court erred in overruling the motion for a continuance.

2. The court erred in overruling the motion to set aside the default and judgment.

Upon the day set for the trial of the cause, the attorney of the appellants made and filed an affidavit, stating that the appellant Regina had a disease of the heart, and that both the appellants had gone twelve miles into the country, expecting to return on the day of trial; that on said day and the day before the weather had been very inclement, and there was no way to reach the city of Terre Haute except by a wagon road; that defendants have a meritorious cause of defence to the action, as they believe, and that no particular injury or damage would result from a continuance of the cause.

This affidavit was insufficient. For aught that appears therein, both the appellants may have been in town on the day of trial. It does not aver that the presence of either of the appellants was necessary as a party or as a witness. For aught that appears therein, the attorney could have conducted the defence without the presence of either of them.

In *Deming* v. *Ferry*, 8 Ind. 418, this court said: "We have repeatedly held that the propriety of refusing or granting continuances depends so much upon the discretion of the court to whom the motion is made, that it must be a very strong case that would induce this court to revise a decision on that subject." There was no error in overruling the motion to continue. *Chamberlain* v. *Reid*, 49 Ind. 332; *Pate* v. *Tait*, 72 Ind. 450.

The affidavit on which the motion to set aside the default was founded was made by the defendant William H. Burkhart, who had pleaded that his notes were entitled to credits, and had withdrawn his appearance. His wife had failed to appear. The affidavit stated that the affiant's wife, his co-defendant, had a disease of the heart, which was liable to be aggravated by exposure to inclement weather; that on the 14th day of March she went into the country fourteen miles to attend the confinement of her sister-in-law, expecting to return in time for the trial on March 30th; that from March 25th until midnight on March 31st the weather was so inclement that she could not return without danger to her life;

that she can show credits which ought to have been taken into account by the jury in assessing the damages on the notes in suit, and that her failure to attend the trial was not for the purpose of delay.

It does not appear by this affidavit that the alleged credits were to be shown by the testimony of the wife, nor that any diligence had been used to secure her attendance, if she was to be a witness, nor that her presence was necessary in order that such credits should be shown, or to give any information to her husband's attorney in reference to such credits, or to affect in any way the assessment of damages. There was no error in refusing to set aside the default and judgment.

The judgment should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby affirmed, at the costs of the appellants.