Fisse *et al. v.* Katzentine.

Filed Feb. 15, 1884.

---

No. 11,038.

## FISSE ET AL. *v.* KATZENTINE ET AL.

REPLEVIN BOND.—*Breach.—Complaint.*—In a suit upon a bond given by the defendant in replevin to enable him to retain the goods, the complaint, alleging a judgment requiring the delivery of half of a stock of goods, worth $400, or pay that sum, and for costs, and for breaches a failure to deliver the goods or pay the value, and to pay the costs.

*Held,* that the complaint did not show it to be impossible to deliver the goods, and that it was good on demurrer.

SAME.—*Pleading.—Partial Answer.*—An answer, in such case, to the whole complaint, showing that the defendant was willing to divide said goods and deliver half thereof as ordered, and had so offered, but the plaintiff refused, is bad, because it shows no defence as to the non-payment of the judgment for costs.

Fisse *et al. v.* Katzentine.

CONTINUANCE.—*Practice.*—*Postponement of Trial.*—An affidavit for the post-ponement of a trial on account of the sudden illness of the defendant. rendering him unable to be present, and showing that he is an important witness, but failing to show that he has any defence, or the facts to which he will testify, is not sufficient.

From the Howard Circuit Court.

*J. W. Kern, B. F. Harness, J. C. Blacklidge* and *W. E. Blacklidge,* for appellants.

*M. Bell* and *W. C. Purdum,* for appellee.

COLERICK, C.—This was an action upon a written under-taking executed by the appellants in an action of replevin brought by the appellees against the appellant Fisse. It was given to enable Fisse to retain the possession of the property in controversy in said action during its pendency, as au-thorized in such cases by the statute. The complaint in this action, after reciting that the appellees had commenced an ac-tion against said Fisse in the Howard Circuit Court, to re-plevy a certain stock of tailoring goods, the seizure of the property, and the execution of said written undertaking, a copy of which was filed with the complaint, averred that at the October term, 1872, of said court, the action was tried and determined in favor of the appellees, it being adjudged that they were the owners and entitled to the possession of one-half of said property, which Fisse was ordered by the court to return to them; that said property was of the value of $400, and that Fisse had failed to return the property to them, or pay its value, as fixed by the court, or any part thereof, and had failed to pay the costs of said action amounting to $20, for which judgment had been rendered in their favor against him. Wherefore they prayed judgment, etc.

To this complaint separate demurrers, alleging insufficiency of facts, were filed by the appellants and overruled. There-upon they filed their joint answer in two paragraphs. Fisse filed a separate answer in one paragraph, to which a demurrer was sustained. A reply to the second paragraph of said joint answer was filed, consisting of two paragraphs, to the second

of which a demurrer was overruled. The case was tried by the court, resulting, over a motion for a new trial, in a judgment in favor of the appellees for $221.60.

The errors assigned are the rulings of the court on said several demurrers, and on the motion for a new trial. The only objection presented by the appellants to the complaint is that the judgment therein mentioned was one that could not be complied with, as it was impossible for Fisse to return to the appellees the one-half of the property that was ordered to be returned. We can not say from the allegations in the complaint that the property could not have been equally divided. For aught that therein appears, it may have been susceptible of an exact division. No error was committed in overruling the demurrer to the complaint.

The separate answer of the appellant Fisse, after admitting the execution of the undertaking and the rendition of the judgment referred to in the complaint, averred that the judgment so rendered was one that could not be complied with, it being to the effect that Fisse should return to the appellees one-half of the goods and property in controversy in said replevin suit, and did not describe the property or designate by name, or otherwise, which half thereof should be returned, nor provide for any division of said property, and that Fisse could not at any time tell what kind of a division of the property would be satisfactory to the appellees; that the appellant still had in his possession all the property involved in said action, and had been ready and willing at all times, and was still ready and willing, to comply with said judgment and order, and that before the commencement of this action he had informed the appellees that he was ready and willing to comply with the same, and they refused to have anything to do with the property so ordered and adjudged to be returned to them; that said property was and is of such a nature that the same could not be divided into halves without injury thereto, and from the wording of said judgment he was unable to tell whether or not the undivided half should be returned to the

appellees, or that the same should be divided into two equal parts, and one-half thereof returned to them; and that they wholly refused to have anything to do with said property, or render him any assistance whatever in relation thereto.

The demurrer to this paragraph of the answer was properly sustained. The conditions of the undertaking sued upon were as follows: "Now we undertake that the defendant John H. Fisse shall safely keep the property; that the same shall not in any way be injured or damaged, and that he will deliver the same to the plaintiffs, if judgment shall be rendered to that effect, and that said defendant shall pay to the plaintiffs all such sums of money as they shall recover in said action." These conditions were in exact compliance with the requirements of the statute, R. S. 1881, section 1270, and covered and embraced the costs of the action. The breaches assigned in the complaint were, 1st. The failure of the appellants to return the property or pay its value as found by the court. 2d. Their failure to pay the costs of the action, for which judgment had been rendered in favor of the appellees. Each condition in the bond was a separate obligation, distinct from all the others, and for the failure to keep any one of them an action might be sustained. Wells Replevin, sec. 413.

This paragraph of the answer, while purporting to be an answer to the entire complaint, was only an answer as to one of the breaches of the bond, therein assigned, viz., the failure of Fisse to return the property or pay its value. It was no answer as to the other-breach, viz., his failure to pay the judgment for costs, and for this reason, if for no other, the demurrer was properly sustained. It is settled by the decisions of this court that an answer professing to meet the entire complaint, when it only amounts to a partial answer, is subject to demurrer.

The ruling of the court upon the demurrer to the second paragraph of the reply to the second paragraph of the joint answer of the appellants, although embraced in the assign-

ment of errors, is not discussed by the appellants in their brief, and, therefore, will not be considered by us.

The last error assigned is the overruling of the motion for a new trial. Several reasons were assigned in support of the motion, but the only one of them that is urged or discussed by the appellants in this court relates to the overruling of a motion that was made by the appellant Fisse for a postponement of the trial of the action. The motion was based upon the affidavit of John H. Fisse, Jr., a son of the appellant, in which he stated that his father was sick and confined to his bed, the exact nature of which sickness was unknown to affiant; that said appellant was taken sick the night preceding the making of the affidavit, and that by reason of said sickness he was unable to leave his home or attend business, but his sickness was not of such a nature as to require the attendance of a physician; that he was the principal defendant in the action, and an important witness therein, and that it could not be properly tried in his absence.

It has been often decided by this court " that the propriety of refusing or granting continuances depends so much upon the discretion of the court to whom the motion is made, that it must be a very strong case that would induce this court to revise a decision on that subject." *Deming* v. *Ferry,* 8 Ind. 418, and cases there cited. See, to the same effect, *Burkhart* v. *Merry,* 88 Ind. 438. The presumptions are in favor of the action of the court, and it will not be reversed unless affirmatively shown to have been wrong. *Pate* v. *Tait,* 72 Ind. 450.

The showing, in this case, was insufficient. It did not show that Fisse had any defence to the action. *Montgomery* v. *Wilson,* 58 Ind. 591. It did not state the facts to which he would testify if present, and failed to show that it was necessary that he should be personally present at the trial in order that he might advise and confer with his counsel during the progress of the trial. *Pate* v. *Tait, supra.*

No error was committed in overruling the motion for a new trial.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed Feb. 16, 1884.