Davis, J.
This was an action for slander. The cause has been tried by a jury three times. After the return of the first verdict appellant was granted a new trial. On return of the second verdict application was made by appellee for a new trial, which was sustained. The last trial resulted in a verdict for appellee for four thousand dollars. Appellee entered a remittitur for two thousand five hundred dollars, and thereupon judgment was rendered against appellant for fifteen hundred dollars.
*363 One of the errors assigned by appellant brings in review the action of the trial court in overruling his motion for a continuance. Just before entering upon the trial Robert W. Harrison, attorney for appellant, filed an affidavit and motion in behalf of appellant for a continuance of the case. It appears from this affidavit that appellant and his attorney had made due and diligent preparation for the trial of said cause on that day; that appellant “has a good and meritorious defense to the action herein, or at least that plaintiff’s recovery should be reduced to a mere nominal sum, if defendant were present in court;” that appellant was then suffering from a sudden and unexpected attack of lagrippe and neuralgia as the result of having been caught in a recent rain, on account of which he was unable on said day to leave his home at Indianapolis to attend said trial at Lebanon; “that the defendant is a witness in his own behalf in said cause and will testify, as affiant believes, as he has heretofore, that the matters and things alleged in the plaintiff’s complaint are untrue;” “that he can not safely go into the trial of the above entitled cause at this time on account of the absence of his client; ’ ’ ' 'that it would be impossible to go to trial in said cause without the aid and assistance of his said client. ” The illness of appellant and his inability to attend court were supported by appellant’s affidavit and the certificate of his attending physician.' It further appears in the affidavit for continuance, “that he believes the testimony and presence of his client can be procured if said cause, is continued until the next term of court;” “that this affidavit is not made for delay merely, but for the furtherance of justice.”
This application was addressed to the sound discretion of the trial court. It is true the statements in reference to his testimony and the necessity for his presence at the *364 trial to aid and assist his counsel are not so full and specific as they might be, but the affidavit certainly shows a reasonable excuse for the absence of the appellant when the motion for continuance was made. It also shows in general terms that he was an important witness and that his aid and assistance were necessary during the trial. The affidavit discloses that appellant was the sole and only defendant in the action and that his presence at the trial was important, not only as a witness, but also as a party to aid and assist his counsel. There is nothing in the record indicating that the facts stated in the affidavit were not true or that the application was not made in good faith. The action was for slander. The' slanderous words alleged to have been spoken grew out of a quarrel on account of a small item of indebtedness between the parties. The circumstances were such that it was desirable that both parties should be seen and heard by the jury if practicable. An examination of the affidavit in connection with the entire record convinces us that in the exercise of a proper judicial discretion the court below ought to have continued the cause, and that it erred in refusing to do so.
An appellate court is reluctant to revise the decision of the trial court in cases like this which rest in their discretion, but under the circumstances disclosed by the record in this particular case we are of the opinion that such revision is both necessary and proper in order that justice may be fairly and impartially administered between the parties. We express no opinion as to the merits of the controversy. There may, however, be mitigation without justification, and both parties should have a reasonable opportunity to present their respective theories of the transaction fairly to an impartial jury. Welcome v. Boswell, 54 Ind. 297.
*365 Filed Dec. 19, 1894.
Judgment reversed, -with instructions to grant appellant’s motion for a new trial.