Dissenting Opinion.
Lotz, J.
I do not concur in the opinion of the majority. A motion for a continuance is addressed to the sound discretion of the trial court, and. a judgment should not be reversed on account of a ruling thereon unless it very clearly appears that this discretion has been abused or erroneously exercised. Moulder v. Kempff, 115 Ind. 459.
The presumptions are in favor of the action of the court in reference to such ruling, and no reversal should be ordered unless it be affirmatively shown that the ruling was wrong. Pate, Exr., v. Tait, 72 Ind. 450.
It is true that it is an important privilege for a party to the action to be present at the time of the trial. His counsel often stands in need of his aid and advice. This privilege ought not be denied except for weighty reasons. He stands in a different attitude from that of an ordinary witness. Welcome v. Boswell, 54 Ind. 297.
His absence may be, but is not necessarily, a cause for a continuance. When a continuance is sought on account of the absence of a party, the necessity for his presence should be clearly made to appear. If his counsel is not familiar with the cause or with the evidence, nor acquainted with the witnesses, such facts should be shown.
It has been expressly decided by the Supreme Court that an affidavit for a continuance on account of the inability of a party to be present at the trial, must show that it was necessary that he should be personally present at the trial in order that he might advise and confer *366 with his counsel during the progress of the trial. Fisse v. Katzentine, 93 Ind. 490 (494).
The statement contained in the affidavit in this case, “that it would be impossible to go to trial * * * without the aid and assistance of his client, ’ ’ is but a conclusion, and not the statement of a fact. Nor are any facts stated from which such conclusion can be drawn. It is readily conceivable how a cause may proceed to trial without the presence of a party, and such trials often occur in actual practice. His presence is not a necessity as a matter of course. It is true that the nature and character of the action may have something to do with the necessity of a party’s presence. But if we may look into the whole record, the words alleged to have been spoken, if spoken at all, were uttered in a public place in the presence of a large number of witnesses, some of whom knew as much about the case as the appellant himself, and who were present at the trial and from ■whom the counsel could have obtained the- necessary information and aid. I am of the opinion that the affidavit fails to show a necessity for the presence of the appellant at the trial; nor was the affidavit sufficient on account of the absence of the appellant as a witness. For aught that appears the same evidence could have been obtained from other witnesses.
Reinhakd, J., concurs in the dissenting opinion of Lotz, J.
Filed Dec. 19, 1894.