No. 16,123.

## KIMBERLIN ET AL. *v.* TOW, TRUSTEE, ETC.

ASSIGNMENT OF ERROR.—*Insufficiency of Assignment.*—*When Agreement of Parties in Trial Court will not Bind on Appeal.*—*Agreement to Abide Result of Another Action.*—Where the record shows that the parties to the action agreed that the finding and decree therein should be in accordance with the decision of the court in another cause, No. 1,710, which was pending, and was then being held under advisement, and when judgment was rendered in said cause, No. 1,710, and the cause, as to the parties to said agreement, was adjudged in accordance with said cause, No. 1,710, an

appeal was taken, and it was assigned as error that "the court below erred in finding for appellee, and rendering judgment and decree in his favor in accordance with the finding and decree in said cause, No. 1,710, mentioned in the record in this cause," such assignment of error presents no question for review, as the agreement of the parties in the trial court can not affect the parties on appeal so as to make the judgment on appeal, in cause No. 1,710, conclusive as to the rights of the parties to said agreement, on appeal.

From the Lawrence Circuit Court.

*M. F. Dunn, G. G. Dunn* and *W. K. Marshall,* for appellants.

*J. H. Willard,* for appellee.

HACKNEY, J.—The appellee complained of the appellants, alleging that Kimberlin was claiming to be trustee of Marion township, and was demanding from Mallott, auditor of Lawrence county, a warrant for the school fund of said township; that appellee was trustee of said township, and had instituted *quo warranto* proceedings in said court to determine the right of said Kimberlin to assert title to said office; that said auditor would issue said warrant and said Kimberlin would collect the same, unless restrained and enjoined. The record shows the filing of an answer in general denial by the appellants, and that the parties agreed that all proper defenses might be made under such denial, and "that the finding and decree herein shall be in accordance with the decision of the court in cause No. 1710, which cause is taken under advisement."

The next action of the court below was in entering its decree reciting the agreement of the parties that the decision of No. 1710 should control the decision in this cause, and, continuing, it decrees that the appellants be enjoined perpetually from issuing or cashing a warrant in favor of Kimberlin for such fund "in accordance with the special finding and conclusions of law heretofore entered in said cause No. 1710."

By the assignment of errors the sufficiency of the complaint is questioned in this court, and it is assigned further that "the court below erred in finding for appellee and rendering judgment and decree in his favor in accordance with the finding and decree in said cause No. 1710, mentioned in the record in this cause."

The assignment quoted presents no question for review, and the sufficiency of the complaint is not presented by the argument of counsel. The appellants urge us to consider the appeal from cause No. 1710, *Kimberlin* v. *State, ex rel.*, 130 Ind. 120, as applying to the agreement in this cause, as to the entry of the decree below, as in effect an agreement that this appeal should abide the decision of this court in the appeal from No. 1710. Such is not the effect of the agreement, and as to whether the decision of this court in the appeal from cause No. 1710 shall govern the parties as to their interests involved in this appeal must depend upon their construction of the agreement as entered below. The agreement is not enforcible in this court, in this cause, further than it may be held to support the decree of the lower court.

There being no question presented for review by this court, the judgment of the lower court is affirmed.

