McGinnis v. Boyd.

Filed March 13, 1895; petition for rehearing overruled March 27, 1896.

---

No. 17,440.

McGinnis v. Boyd.

|144|393|
|---|---|
|147|464|

|144|393|
|---|---|
|148|110|
|148|180|
|150|90|

|144|393|
|---|---|
|156|566|

EVIDENCE.—*Burden of Proof.—Survey.*—The burden is upon a party attacking a survey by a county surveyor, in this State, to show that it is erroneous.

APPEAL.—*Bill of Exceptions.—Longhand Manuscript of Evidence.* —The longhand manuscript of the evidence, to be available on appeal as a bill of exceptions, must be filed in the lower court, as required by section 641, R. S. 1894.

APPELLATE PROCEDURE.—*Assignment of Error.*— An assignment that "the court below erred in entering judgment for appellant" presents no question for review by the Appellate Court.

SAME.—*Overruling Motion for New Trial.—Evidence not all in Record.*—Error in overruling a motion for a new trial, on the ground that the judgment was contrary to the law and the evidence, cannot be considered upon appeal, although the bill of exceptions recites that it contains all the evidence, where it is apparent that a survey read in evidence was not embodied in the bill, or incorporated therein by a reference, under section 638, R. S. 1894, when the bill was signed.

From the Lake Circuit Court.

*T. J. Wood*, for appellant.

*T. S. Fancher*, for appellee.

HACKNEY, J.—The appellant herein appealed to the circuit court from a survey by the surveyor of Lake county. The judgment below was in confirmation of the survey. The only motion or proceeding in the lower court presenting alleged errors in the trial was a motion for a new trial, assigning as causes therefor that the judgment was contrary to the evidence and that it was contrary to law. It is here assigned as error that the lower court overruled the motion for a new trial; and, "Second: The court below erred in entering judgment for appellant." That the second assignment presents no question for review needs but the suggestion that until the circuit court was given some opportunity to pass upon the question no ruling existed to constitute the basis of such an assignment. As to the first assignment, the only possible questions arising and discussed by counsel depend upon the evidence, and the evidence is not properly in the record. The record discloses no entry of the filing, in the lower court, of the longhand manuscript of the. evidence. That it should have been filed was indispensable.

R. S. 1894, section 640; *Prather* v. *Prather*, 139 Ind. 570. Another objection to the consideration of the evidence is that the record discloses upon its face that, notwithstanding the statement of the bill of exceptions, that it contains "all the evidence given in the cause," it does not contain all of the evidence. In the body of the original bill of exceptions, which follows the papers in the cause, as a part of the transsscript, it is shown that "thereupon the plaintiff read the survey made by George Fisher, as found in book 2, at page 8, in evidence, and the same is as follows, to-wit." So much of the transcript is typewritten, and then follows, written with pen and ink, a statement which, upon its face not only implies that it was written in the bill after it was signed by the judge, by its reference to parts of the transcript preceding the bill, but it discloses the facts that the "survey," read in evidence, was not in the bill of exceptions when it was signed, and that it is now in the bill as a part of the record. The statement is as follows: "Which fully appears on pages 2, 3, 4, 5, 6, 7, 8, 9 and 10 of transcript, and it is agreed that the showing on these pages was the survey appealed from, and that the same is a true and complete copy of the record as appears on page 8, book 2, surveyor's office." The alleged agreement is not signed by counsel and is so manifestly not a part of the proceeding at the trial, but came into the record after the transcript containing the bill was prepared, we are unable to accept it as a reference to a document already a proper part of the record. The bill does not purport to incorporate the survey by reference, under R. S. 1894, section 638, and the alleged agreement, treated separately, is not effective as a waiver of the duty to include all the evidence in the bill, since it is not signed by the parties. The survey was *prima facie* correct and the

burden rested upon the appellant to show it to have been erroneous. *Riggs* v. *Riley*, 113 Ind. 208. If, in fact, a part of the evidence and considered by the lower court, it is important that it should come to this court by some recognized legal method that we also may consider it as a part of the evidence.

It is shown by another part of the transcript and in what purports to be the original bill of exceptions that "It is agreed that the DeCoursey survey contained in Fisher's survey and on page 6 of this record is a true copy of the original government survey." All that we have said of the former statement, as to the Fisher survey constituting no part of the record as evidence, can be said of this statement. However, we may suggest, after having carefully read the entire record, that treating the DeCoursey survey, made in 1867, as part of the evidence and accepting the above statement as true, we have found conflict in the evidence as to whether the parties owning the lands on either side of the disputed line did not, from the date of that survey and for more than twenty years before the last survey, adjust their fences to the line then established, occupy and cultivate their lands up to the line, claiming to be the owners thereof. The conflict in the evidence as to title by adverse possession was for the lower court and not for this court. We may make the further suggestion, as showing the lack of merit in the appeal, though not intending to decide the question, that, by the agreement last quoted, the government survey and the DeCoursey survey established the same corners and lines. By the evidence of surveyor Fisher and by his survey the lines and corners established by the DeCoursey survey were adopted by him. While he denied that they were correct, he felt bound by them. By the above agreement such lines and corners, though Fisher believed them incorrect,

were correct as being according to the government survey. There was also conflict in the evidence as to the presence and concurrence of the land-owners in the DeCoursey survey, though it was not proven that the statutory notice of the survey was given. That conflict was exclusively for the trial court.

If, however, the trial court had found the De-Coursey survey void for the want of notice, or had learned from the above agreement and the evidence of Fisher that it followed the government corners and lines, and that Fisher followed it, necessarily getting the government corners or lines, the result was correct, that is to say, if Fisher found and followed what is agreed to be the government corners and lines, he did all that it is the object of any survey to do. While it is apparent that there is conflict between the agreement of the parties and the evidence of Fisher, the agreement would, of course, control the decision.

The judgment of the circuit court is affirmed.

Filed January 7, 1896; petition for rehearing overruled March 27, 1896.