No. 17,795.

HAWKS ET AL. *v.* THE MAYOR ET AL.

APPELLATE PROCEDURE.—*Motion to Modify Judgment.— Mandamus.*—A motion to modify a judgment awarding a peremptory writ of mandamus must be made before an appeal is taken, in order to present any question as to the correctness thereof.

From the Elkhart Circuit Court.

*F. E. Baker* and *C. W. Miller,* for appellants.

*W. L. Stonex* and *A. S. Zook,* for appellees.

MCCABE, J.—This is an appeal from a judgment rendered against the appellants upon an agreed statement of the facts under section 562, R. S. 1894 (R. S. 1881, section 553). The only error assigned here is that "The court erred in rendering judgment against appellants, C. & E. Hawks, and in issuing a peremptory writ of mandate against them." The agreed statement is as follows:

| | |
|---|---|
| "THE MAYOR AND COMMON COUNCIL OF THE CITY OF GOSHEN<br><br>*v.*<br><br>THE BOARD OF COMMISSIONERS OF THE COUNTY OF ELKHART AND C. AND E. HAWKS. | Submission of the agreed case, under section 553, R. S. 1881. |

"The mayor and common council of the city of Goshen, Indiana, the board of commissioners of Elkhart county, and C. & E. Hawks, by agreement submit to the Elkhart Circuit Court for decision the following controversy: In the year 1866, and for many years prior thereto, there was a public highway lead-

ing into the town of Goshen from the southwest. In that year a hydraulic canal company constructed a canal along the west side of the town, which cut through the said highway. The canal company, at its own expense, constructed a frame bridge across the canal at that point, although only wide enough to allow of one team crossing upon it at a time, was of sufficient size to accommodate the travel on the highway and satisfactory to the public authorities.

"The bridge was maintanned solely by the canal company until the company, having become insolvent, went into the hands of a receiver in the year 1893.

"C. & E. Hawks bought the canal property of the receivers, and no repairs have since been made. The bridge is now out of repair and dangerous, and a new bridge is necessary.

"The population of Goshen has greatly increased since 1866, and so has that of the adjoining territory southwest of the city. In the vicinity of the bridge on the east new streets have been laid out, and all of the land, then covered with timber on the east, north and south of it, has been platted into city lots and very generally built upon. The highway first mentioned is now West North street, and it and the bridge are wholly within the city limits. Extending from the north, Third street has been opened and terminates at the east end of the bridge, as shown on the diagram attached hereto and made a part hereof. With the increase in population there has been a corresponding increase in the use of the highway and the travel thereon, making it necessary to have a bridge constructed of sufficient width to allow two teams to cross at the same time. To accommodate the travel of Third street it is also necessary to change the location of the bridge, the width of the same, and also to protect it with a guarded approach from the north-

east, and also to construct said bridge on a different angle. A bridge could be constructed substantially, like that orginally built, for $150.00, but such a bridge as the public necessities require will cost nearly $650.00. C. & E. Hawks refuse to build or repair the bridge, and the mayor and common council of the city, having first called upon them to build such a bridge as the public necessities require, upon their refusal to do so, have called upon the board of commissioners of Elkhart county to cause the same to be constructed, under the provisions of the act of March 7, 1885. The board of commissioners also refused to construct the bridge.

"The mayor and common council of the city of Goshen claim that as the bridge which must be constructed will cost more than $500.00, they have no duty in the premises except to notify the board of commissioners of the county of the necessity, and to call upon them to build it at the expense of the county. They also claim that as the necessity for the construction of any bridge at that point was caused by the act of the grantors of C. & E. Hawks, they, and their successors, are bound to maintain the same and keep it in repair in such a way as to fully provide for the public requirements at all times.

"The board of commissioners claim that as the bridge is a private bridge they are charged with no duty in respect to it. They also claim that they are charged with no duty in respect to said bridge for the reason that if the county or city is required to pay such a part of the cost of a sufficient bridge as exceeds the cost of such a bridge as the canal company and its grantees have heretofore maintained, yet this excess is less than $500.00, and therefore the duty of constructing and paying for it rests on the city, and not on the county. They also claim that if as between

the county and the public it is their duty to construct a sufficient bridge and pay for the same, yet they are entitled to recover from C. & E. Hawks the cost thereof, or at least a sum equal to the cost of constructing such a bridge as their grantors were originally bound to erect and maintain, and if they are only entitled to recover from C. & E. Hawks the said sum, viz.: $150.00, they are entitled to recover the residue of the cost of the city, as such residue is less than $500.00. C. & E. Hawks claim that they should not be liable for any part of the cost of the construction of the new bridge for the following reasons, to-wit: First. That the new bridge ordered to be constructed by the city of Goshen is entirely different from the old structure, and that such change in the size, location and construction of the new bridge is required to accommodate the new and different rights of the public. Second. That the city of Goshen ordering the new bridge to be constructed entirely different from the old structure for the purpose of accommodating the new and different rights of the public, the public authorities have adopted this bridge, and the city of Goshen or the county of Elkhart is bound to erect and maintain said new bridge by reason of their adoption of the same. The questions which the parties hereto desire to submit are as follows:

"First. Which of the parties hereto is required to construct the bridge?

"Second. Which of the parties is ultimately liable for the cost thereof, or any part of the cost?

"Third. Which of the parties is liable for the repair and maintenance thereof after construction?

"It is agreed that after the court has decided the first question a writ of mandate may issue requiring the party adjudged to be liable, to proceed at once to erect a substantial bridge, sixteen feet wide, to be

placed on stone abutments, with guarded approach from the northeast, so constructed as to allow teams to enter from Third street with ease. It is further agreed that after the court has decided the second question it shall enter judgment against any party which may be liable for the cost thereof, where such party is not the party charged with the duty of constructing the bridge, the amount to be proven to the satisfaction of the court upon the completion of the bridge.

"STATE OF INDIANA, ⎫
                   ⎬ SS :
ELKHART COUNTY.    ⎭

"The city of Goshen, Indiana, by its attorney, A. S. Zook, the board of commissioners of Elkhart county, by A. Griner, one of the members thereof, and C. & E. Hawks, by F. E. C. Hawks, one of the members of said firm, being severally duly sworn, say that the controversy submitted in the foregoing case is real, and the proceedings are in good faith to determine the rights of the parties.

"A. S. ZOOK,  Att'y of said City.

"A. GRINER,

"Chairman Board County Commissioners.

"F. E. C. HAWKS.

"Subscribed and sworn to before me this 29th day of September, 1894.

"CHARLES W. MILLER,

[L. S.]                                    "Notary Public."

The ruling and judgment of the court, and the appellants' exception thereto, are as follows: "Come the parties and this cause is submitted to the court on the agreed statement of facts filed herein, and the court having seen and examined the agreed statement, and being advised in the premises, finds

that the owners of the hydraulic canal at the west end of North street, in said city, and that the defendants, C. & E. Hawks, being the owners of said canal at this time, are now liable for the construction of such a bridge, and that neither the plaintiffs herein nor the defendant board of commissioners are liable for the same, nor for any part of the cost thereof. It is, therefore, considered and adjudged that a peremptory writ of mandate issue out of and under the seal of the court to the defendants, C. & E. Hawks, commanding them, forthwith, to construct a substantial bridge across the hydraulic canal to the west end of North street, in the city of Goshen, the said bridge be sixteen feet wide, supported on stone foundations, of which that on the west side of the canal shall be at the place where the west end of the present bridge is located, and that on the east side of the canal shall be ten feet north of the place where the east end of the present bridge is located, the sides of the said bridge and the approach at the northeast corner to be provided with substantial guards."

It is further considered and adjudged by the court that said C. & E. Hawks pay the cost of this proceeding, taxed at $...... To which decision of the court defendants, C. & E. Hawks, at the time excepted.

The facts set forth in an agreed case under the section of the statute above cited are in the nature of a special finding of facts by a court, or a special verdict of a jury. First Ency. of Pleading and Pract. 386 and authorities there cited.

Accordingly it was held in *Pennsylvania R. R. Co.* v. *Niblack*, 99 Ind., at pp. 149, 151, that "In an agreed case, under section 553, *supra*, no pleadings are required, nor is a motion for a new trial necessary. But to present any question to this court there must have been an exception to the conclusions of law upon the

agreed facts, and such conclusion must be assigned as error in this court. Neither of these things has been done in the present case." To the same effect are *Day* v. *Day*, 100 Ind. 460; *Fisher* v. *Purdue*, 48 Ind. 323. It may be the exception to the action of the trial court was both to the conclusions of law and the judgment, and that such exception challenged the correctness of both. Be that as it may, the assignment of error here calls in question nothing but the judgment. Generally, where there is an objection to the judgment, a motion to modify it must be made in the trial court before any question can be presented to this court concerning the same. *Berkey & Gay Furniture Co.* v. *Hascall*, 123 Ind. 502 (8 L. R. A. 65); *Walter* v. *Walter*, 117 Ind. 247; *Sanxay* v. *Hunger*, 42 Ind. 44. Whether it was that part of the judgment adjudging the appellants liable to build the bridge in question, or that part ordering the issue of a peremptory writ of mandate, commanding them to so build it, that is objected to, is not disclosed by the exception or the assignment of error. If it was the former, an exception to the conclusions of law was the proper remedy, and would have made the objection available to test the right of appellees to recover such a judgment. If the objection was to the part of the judgment awarding a peremptory writ of mandamus, a motion to modify the same must precede an appeal to this court, in order to present any question thereon, where the overruling such motion might be assigned for error.

We, therefore, hold that the assignment of error presents no question as to the merits of the controversy determined by the trial court.

The judgment is, therefore, affirmed.

Filed March 25, 1896.