Hackney, J.
This was a proceeding by the appellee, as administrator, to sell lands to pay the debts of the estate of his decedent, and incidentally he sought to declare void certain conveyances to and incumbrances by the appellants, because of an alleged fraudulent conspiracy between the decedent and the appellants in making such conveyances and creating such incumbrances to defeat the creditors of the decedent, and because the same were voluntary and without consideration. On a former appeal in this case this proceeding was adjudged to be pursuant to and by virtue of the act for the settlement of decedent’s estates, and as to the appeal, was governed by the provisions of that act, sections 2609, 2610, Burns’ R. S. 1894 (2454, 2455, R. S. 1881), and that such an appeal was, therefore, required to be taken within thirty days from the filing of a bond, and that such bond should have been filed within ten days after the decision was made. See Galentine v. Wood, Admr., 137 Ind. 532. The first question presented upon this appeal arises upon the appellee’s motion to dismiss the appeal because not taken in compliance with the provisions of said act. Appellants do not question that their appeal should be governed by that act, but they insist that they have complied with its provisions. On June 17, 1892; upon special findings and conclusions of law, and over a *458 motion by the appellants for a new trial, the court made an entry adjudging that said conveyances were fraudulent, void, and should be set aside; that appellants had no interest in the lands and showing the filing by the appellees’ predecessor, who instituted the proceeding, of an appraisement of said lands. Treating that entry as a final judgment which authorized an appeal, these appellants, after forty days from said date, filed their transcript in this court attempting to appeal from such supposed final judgment. Without attention to the question as to whether such entry was or was not a final judgment, this court held, in the case cited, that the appeal was not properly taken in compliance with the statute above cited. • Thereafter and on the 13th day of June, 1895, the court entered its final order of sale, and completed thereby the rendition of the judgment sought by the proceeding. The transcript upon this appeal was filed July 20. 1895, less than thirty days from the entry last mentioned, the filing of which was preceded by the filing of an appeal bond within less than ten days from said June 13, 1895. It appears, therefore, that the first entry was but a partial and incomplete entry of the court’s judgment; that the full merits of the case were not determined and the final adjudication upon the issues was not rendered until June 13, 1895. Judge Elliott, in his Appellate Procedure, section 83, says: “No order is final in such sense as to constitute a final judgment unless it disposes of the main case so far as there is power in the trial court to decide. upon the questions presented by the issues, no matter how clearly and decisively the order may indicate what the ultimate judgment will be.”
In Newark, etc., Plank Road Co. v. Elmer, 9 N. J. Eq. 754, it was held that if a decree leaves important questions open for further adjudication, it is not a *459 final decree. See, also, 2 Ency. Pl. and Pr., p. 254. An important issue was not disposed of by tbe first entry, namely, that as to the liability of the property to sale for the payment of debts. The heirs were parties and the appellants were interested in the issue since the fraud is the conveyances did not avoid them, except that it became necessary to pay the debts. The motion to dismiss is overruled.
The principal appellants, those who assign error, are John K. Lawrence, Mary J. Lawrence, James H. Matchett and M. Alice Matchett, and they severally assign as error: 1, that the complaint did not state a cause of action; 2, that the court had no jurisdiction; 3, the overruling of a demurrer to the first paragraph of complaint; 4, the overruling of a demurrer to the second paragraph of complaint; 5, error in the conclusions of law stated; 6, overruling motion for venire de novo; 7, overruling motion for new trial; 8, overruling motion in arrest of judgment, and, 9, in rendering judgment June 13, 1895, ordering sale of the land. The first paragraph of complaint was filed April 6, 1888, and sought to set aside a voluntary deed made to John K. Lawrence' and James H. Matchett on the 23d day of April, 1882, by the decedent, his wife and Norris D. Galentine. It was alleged that the decedent departed this life March 13,1884, and there were allegations of fraudulent intent, the absence of other property, the existence of debts, the assertion of unfounded liens by the appellants and other allegations as to the necessity for selling said lands. The second paragraph of complaint, filed April 6, 1892, alleged a voluntary conveyance of a part of said lands on March 1st, 1882, by the decedent, to his sons, said Norris D. Galentine and Allen S. Galentine; the same facts as to the death of said decedent and the necessity for a sale of said lands to pay debts, and alleged that the *460 appellants asserted liens that were unfounded. It is insisted that the demurrer of the appellants, Lawrence and Matchett, should have been sustained to the second paragraph of the complaint for the reason that it appeared upon the face of the pleading that the cause of action therein alleged was not sought to be maintained within five years from the death of the intestate, Nicholas W. Galentine, the alleged owner and grantor of said lands. The only suggestion offered by the appellee against this proposition is that said appellants have no interest in the question, and that the grantees in said deed, Norris D. and Allen S. Galentine, alone could raise that question. The statute which authorizes the proceeding contains the following provision: “* * * and no proceeding by any executor or administrator, to sell any lands so fraudulently conveyed, shall be maintained, unless the same shall be instituted within five years after the death of the testator or intestate.” Section 2487, Burns’ R. S. 1894 (2334, R. S. 1881). Statutes of the character of this are not, strictly speaking, statutes of limitation, but they express a condition upon the right to pursue a remedy given and are held to preclude recovery where the condition has not been complied with. Cox v. Hunter, 79 Ind. 590; Bartlett v. Manor, 146 Ind. 621, and cases there cited. It appearing from the allegations of this paragraph of the complaint that Nicholas W. Galentine had been dead eight years when the remedy was sought, and there being no exception to the requirement that it should have been sought within five years, the administrator could not attack the conveyance. It was upon the right to attack the conveyance that the administrator had any purpose or privilege to attack the alleged unfounded liens and claims of the appellants against said lands. Without the right to attack the conveyance no right ex *461 isted to attack the alleged liens. It is plain, therefore, that, failing in the right to attack the conveyance, no right existed to attack the liens, and that these appellants were interested in the question of the preliminary right and could object to an attack upon their liens. The second paragraph of complaint was bad, and the appellants’ demurrer thereto should have been sustained.
In the court’s special findings it is not stated that the suit, as to either paragraph, was brought within the statutory period, and it may well be doubted if the judgment was sufficiently supported without such finding. A more serious objection, however, to the findings in their support of the conclusions of law against the appellants as to their judgments and mortgage liens was that no fact was found with reference to the invalidity of such liens. The first paragraph of complaint specifically alleged the existence of liens of the character mentioned and sought to have them declared invalid for the alleged fraud. The court concluded, first, that the law was with the appellee, and, second, that the two deeds were invalid. The judgment was as broad as the conclusions of law, and declared that the appellants had no interest in or right to said lands and that the title be quieted in the appellee. This judgment could not stand as to the liens of the appellants without some fact to be found concerning the invalidity of the alleged liens. The question is not one where the silence of the findings raises the presumption of an adverse finding against the appellants. The issue, the invalidity of the apparent liens, devolved upon the appellee, and presumptions would arise rather against him. But since no motion for judgment in favor of the appellants was made their relief was by motion for a new trial or exceptions to the conclusions of law. Other assignments *462 of error were either waived by the failure to argue them or, like the ninth, they present no available question. McGinnis v. Boyd, 144 Ind. 393.
The judgment of the lower court is reversed, with instructions to sustain the demurrer of the appellants to the second paragraph of complaint and to grant a new trial.