Seisler *v.* Smith *et al.*

## SEISLER *v.* SMITH ET AL.

[No. 18,020. Filed April 27, 1897. Rehearing denied March 18, 1898.]

EQUITY.—*When Court May Disregard Verdict of Jury.*—In an equity case it is within the province of the court to disregard the verdict of the jury and enter its own finding. *p. 90.*

APPEAL.—*Assignment of Error.*—That the court erred in rendering judgment is not a specific assignment of error as contemplated by section 667, Burns' R. S. 1894. *p. 90.*

SAME.—*Conflicting Evidence.*— In support of a paragraph of complaint alleging the existence of a public highway along a certain section line during a certain period, positive evidence as to the existence of such highway was introduced. On the other hand, witnesses for the defense who lived in the neighborhood and were interested in the highways denied the use of a way upon such line, and claimed that the travel had been by devious paths through unenclosed lands, and denied even hearing of or seeing a highway along the line in question. *Held*, that the evidence is conflicting, and cannot be reviewed by the Supreme Court. *pp. 90, 91.*

HIGHWAY.—*Presumption as to Course Of.*—It will not be presumed, because an established highway had some portion of its course upon a section line, that it followed the line throughout. *pp. 91, 92.*

APPEAL.—*When Error Not Available.*—In the absence of a specific objection in the trial court from which it may be known that the objection there urged is the same urged on appeal no available error is shown. *p. 92.*

NEW TRIAL.—*Obstructions of Highway.*—*Action to Abate as a Nuisance.*—Under section 1076, Burns' R. S. 1894, granting a new trial as of right in actions to quiet title to real estate, a new trial as of right cannot be had where obstructions of a public highway are sought

to be abated as a nuisance, further maintenance enjoined, and damages claimed.   *pp. 92, 93.*

From the Wabash Circuit Court.   *Affirmed.*

*M. Winfield, W. G. Sayre, J. D. Conner* and *G. E. Ross,* for appellant.

*John Mitchell, N. N. Antrim, W. B. McClintic, J. M. Brown* and *Loveland & Loveland,* for appellees.

HACKNEY, J.—This was a suit by the appellant John Seisler against the appellees George Smith and the Board of Commissioners of Miami county in two paragraphs of complaint.  From each paragraph it appeared that the lands of the county, held for a poor asylum, were separated from those of the appellant and the appellee Smith, severally, by a section line running east and west, and those of the appellee lay between the appellant's tract and a prominent highway running north and south.  The first paragraph claimed an ancient easement in the nature of a private way over said section line from said highway back to the lands of the appellant, and which in the year 1880, by agreement, had been closed and another way over the lands of Smith substituted, and which substituted way Smith now refuses appellant the right to use.  The relief prayed was that the obstructions of the original way be declared a nuisance, and removed, that the appellees be enjoined from obstructing or interfering with the use of said way, and for damages.  The second paragraph alleged the existence from 1840 to 1880 of a public highway corresponding with the location of said alleged private way which, during all of said period, had been used by the public generally as a highway, with the knowledge and concurrence of the various owners from time to time of said lands, and that in said latter year the appellees had obstructed said alleged highway with

fences which they have ever since maintained. The relief prayed was as in the first paragraph, omitting damages. Issue by general denial. Change of venue to the Wabash Circuit Court. Trial by the court, with the submission of special facts to a jury. The findings of facts by the jury were disregarded by the court, and general finding and judgment were rendered in favor of the appellees. The errors assigned are the overruling of appellant's motion for a new trial for cause; overruling his motion for a new trial as of right; "3rd * * * disregarding the verdict of the jury and finding for the appellees," "4th * * * * rendering judgment for the appellees."

By agreement, and certainly by the rules of practice, the cause was regarded as of equitable cognizance. It was therefore the province of the court to enter its own finding, and it could not be error to disregard "the verdict of the jury." *Ketcham* v. *Brazil, etc., Co.,* 88 Ind. 515; *Pence* v. *Garrison,* 93 Ind. 345; *Farmers' Bank* v. *Butterfield,* 100 Ind. 229; *Jennings* v. *Durham,* 101 Ind. 391. That the court erred in rendering judgment is not a "specific assignment" of error, as contemplated by section 667, Burns' R. S. 1894; *Hawks* v. *Mayor, etc.,* 144 Ind. 343; *McGinnis* v. *Boyd,* 144 Ind. 393. The questions discussed by counsel, however, arise upon the motions for a new trial. The first of these relates to the sufficiency of the evidence, under the second paragraph of complaint, to prove the existence of a highway upon the line in question. It is conceded by counsel for appellant that this court is denied the power to review a question depending upon conflicting evidence, but, they urge that there is no conflict, since, as they claim, appellant's evidence was of a positive character while that of the appellees, they further claim, was to the effect that the witnesses knew of no such road, and was of a negative character,

Seisler *v.* Smith *et al.*

not creating conflict. The evidence upon which appellant relies in this contention is as to the course and extent of travel from the said prominent highway across to the tract owned by him, beginning in the year 1840; as to the removal of timber along said section line between said two points, as defining the way, and the placing of brush and logs in the low wet places. The evidence which is said to be negative and to create no conflict was, much of it, from persons who lived in the immediate neighborhood, and were interested in highways, as township trustees, and interested in the "poor farm," as superintendents and county commissioners, and in some of the lands accessible from any such way, as farmers. These, whose interests and opportunities would probably bring knowledge, deny the removal of timber and the opening of a road; deny the use of a way upon said section line, and claim that there was but an irregular travel by devious paths through the unenclosed and wooded land, and that at some distance south of the section line; and they deny ever hearing of or seeing a highway across said lands. To accept the appellant's contention would be to hold that this evidence was of no force or weight in contradiction of the theory of the second paragraph of complaint. This we cannot do. On the contrary we think the evidence, thus referred to, is conflicting.

It is next complained that the court erred in rejecting as evidence two transcripts of the location and change of highways in the neighborhood of the way in question. Without assuming a radical error in the description of the highway so located, it could have no possible relation to the way in question here. This we have no right to assume. The way, a part of which was vacated and changed, extended east from the prominent highway already mentioned, upon the line

which, extending west from said prominent highway, divides the lands of appellee Smith and those of the appellant from those of the county. This it is claimed was competent as raising the presumption that such vacated and changed highway had originally continued westward over said dividing line, and upon the line in dispute here. We observe no rule of law or chance which would enforce the presumption that because an established highway had some portion of its course upon a section line that it followed the line throughout. There was certainly no cause for complaint in the action of the court in excluding such records. Further complaint is made of the action of the trial court in admitting in evidence the deposition of a witness residing in Miami county. The evidence showed that the witness was eighty-three years of age, was suffering from partial paralysis, that he did not feel safe to go to the county seat, four miles from his home, without some one to care for him. This evidence tended strongly to establish the disability contemplated by section 407, Burns' R. S. 1894, where it is provided that a deposition may be read in evidence. However, the record discloses but a general objection to the introduction of the deposition, and we are not informed whether the lower court passed upon the same objection that is here urged. In the absence of specific objection in the lower court, from which it may be known that the objection there urged is the same urged in this court, no available error is shown.

The remaining question is as to the refusal of a new trial as of right. In actions to quiet title to real estate, or in actions for ejectment under section 1062, Burns' R. S. 1894, a new trial as of right is allowed by section 1076, Burns' R. S. 1894. This right, however, has been frequently held not to obtain where the plaintiff has associated with any such action, and

prosecuted it to final judgment, a cause in which a new trial as of right is not allowed. *Bennett* v. *Closson,* 138 Ind. 542; *Taylor* v. *Calvert,* 138 Ind. 67; *Richwine* v. *Presbyterian Church,* 135 Ind. 80; *Wilson* v. *Brookshire,* 126 Ind. 497; *Bradford* v. *School Town of Marion,* 107 Ind. 280.

Conceding all that counsel for the appellant claim, that a new trial of right is allowable where the title to an easement is in issue, we have no authority, in view of the decisions just cited, for allowing a new trial as of right where obstructions of a public highway are sought to be abated as a nuisance, further maintenance enjoined, and damages claimed. Such an action or suit would not, as in ejectment (section 1062, *supra*), involve "a valid subsisting interest in real property, and a right to the possession thereof," nor would it involve the title to real estate as contemplated by section 1082, Burns' R. S. 1894. The law does not recognize in an individual a private property interest in a public highway. *Fossion* v. *Landry,* 123 Ind. 136, and cases there cited. And certainly no such possessory rights as contemplated by the ejectment statute. We find no error in the record.

Judgment affirmed.