## HILL v. INDIANAPOLIS AND VINCENNES RAILROAD COMPANY ET AL.

[No. 4,782.   Filed May 12, 1903.]

APPEAL.—*Assignment of Error.*—An assignment that "the court erred in rendering judgment" presents no question on appeal.  *p. 99.*

SAME.—*Exception.*—*Review.*—Where an exception is not taken, the ruling of the court can not be successfully attacked on appeal. *p. 99.*

RAILROADS.—*Injury to Licensee.*—*Contributory Negligence.*—Plaintiff, who was sixty years old and in full posession of his faculties, went to a railroad station to meet a train.   After the arrival of the train, and before it pulled out, plaintiff left the depot, walking between the main track and a side-track, which space the public was licensed to use as a footway.   The train followed in the same direction and struck plaintiff who was walking too near the track and not looking nor listening for the train at the time.   Plaintiff knew the train would proceed in the direction and at the time it did, and was familiar with the tracks, crossings, and surroundings.   *Held*, that the plaintiff was guilty of contributory negligence.  *pp. 100–102.*

TRIAL.—*Verdict.*—*Special Findings.*—*Conflict.*—When the special finding of facts is irreconcilably in conflict with the general verdict, the former must control.  *p. 101.*

From Morgan Circuit Court; *M. H. Parks*, Judge.

Action by Harrison Hill against the Indianapolis & Vincennes Railroad Company and others.   From a judgment for defendants, plaintiff appeals.   *Affirmed.*

*J. V. Mitchell, D. E. Watson* and *Oscar Matthews*, for appellant.

*S. O. Pickens* and *R. F. Davidson*, for appellees.

COMSTOCK, J.—Appellant brought his action against appellees to recover damages for personal injuries sustained by him by reason of alleged negligent and wilful acts of appellees.   The complaint was in four paragraphs.   The first and second each charge the injuries to have been negligently, the third and fourth to have been wilfully, done. The cause was put at issue by general denial.   The jury

returned a verdict in favor of appellant for $1,000 upon the first and second paragraphs of the complaint. With the general verdict, answers to interrogatories were returned. The trial court overruled appellant's motion for judgment on the verdict, and sustained appellees' motion for judgment on the answers to interrogatories notwithstanding the general verdict.

The only assignment of error is that "The court erred in overruling appellant's motion for judgment on the general verdict, and in rendering judgment for appellees and against appellant on the special findings *non obstante.*"

It is insisted by appellees, before entering upon the discussion of the merits of the appeal, that the assignment of error presents no question for review. In one specification, two rulings of the court are assailed. The assignment that "the court erred in rendering judgment for the appellees" has been held insufficient. *Seisler* v. *Smith,* 150 Ind. 88; *Hawks* v. *Mayor,* 144 Ind. 343; *McGinnis* v. *Boyd,* 144 Ind. 393; *Kimberlin* v. *Tow,* 133 Ind. 696. Appellant excepted to the refusal of the court to render judgment in his favor on the general verdict. No exception was taken to the action of the court in sustaining appellees' motion for judgment.

Reserving an exception to the ruling of the trial court is a step in taking an appeal. If an exception is not taken, the ruling of the court can not be successfully attacked on appeal. See Ewbank's Manual, §7, and cases cited. The rule is general that where there are several rulings each must be separately challenged, and an exception must be taken to each. *Saunders* v. *Montgomery,* 143 Ind. 185, and cases cited. The assignment is joint as to both rulings. It must be good as to both, or fail. No question being reserved upon the ruling of the court in rendering judgment in favor of appellees, the assignment is insufficient. *Moore* v. *Morris,* 142 Ind. 354; *Florer* v. *State, ex rel.,* 133 Ind. 453.

We have, however, considered the answers to interrogatories. They show the following facts pertinent to the question of appellant's contributory negligence: The passenger station of the appellee Indianapolis & Vincennes Railroad Company, at Martinsville, Indiana, is located at the intersection of the railroad tracks and Pike street in said city. The main track runs in a straight line from the station southwest to Morgan street, which crosses said track at a point about 364 feet from Pike street. A side-track connects with the main track some distance southwest of Morgan street, and extends from that point northeastwardly on the southeast side of said main track past the station. On the 13th day of April, 1899, in the afternoon, a passenger-train operated by the appellee the Pennsylvania Company, with the appellee Revel as engineer, consisting of the engine, one baggage car, and two coaches, stopped at the station on its regular trip to discharge and receive passengers. The appellant, who kept a boarding-house, was there for the purpose of soliciting travelers to stop at his house. While the train was still standing at the station, appellant walked past it, and along the southeast side of the main track, towards Morgan street. With him, or just behind him, were two other men, going in the same direction. When the train started, appellant was walking in a safe place, between the main track and the side-track, where he continued to walk for some distance. He then stepped over near the main track, upon which the train was approaching, and walked along said track with his back to the train until he was struck by the engine and injured. The train was running at a speed of about four miles per hour, and had proceeded to a point about 314 feet from the depot or station when the collision occurred. The engineer was at his place, on the right side of the engine. The fireman, whose position was on the left side and next to the appellant, was not in his place. Neither of them saw the appellant before he was struck. The bell on the

engine was not ringing. The space between the main track and the side-track, where appellant was walking, is forty feet wide at Pike street and twenty-five feet wide at the point where the accident happened. By common consent this strip of ground between the tracks had been used by the public as a highway for thirty-one years. The appellant was sixty years old at the time of his injury, and in full possession of all his faculties. He had been in the habit of going to the station on the arrival and departure of trains, and was familiar with the tracks, crossings, and surroundings. He knew, or had reason to believe, that the train which struck him, after discharging and receiving passengers at the depot, would proceed on its way upon the track beside which he was walking. Between the station and the point where appellant was injured there was no obstruction to his view. He could have seen the approaching train if he had looked for it, and could have heard it if he had listened. He did not look for the train nor listen for it at any time from the time it began to move until the accident happened. There was ample space between the tracks, where the plaintiff might have walked without exposing himself to danger.

It is evident from these findings that appellees were negligent. They also show that appellant was guilty of contributory negligence. Appellees' negligence did not excuse appellant from the exercise of care. A railroad track is a warning of danger; and one approaching it must use caution commensurate with his knowledge. Appellant was familiar with the surroundings, had knowledge of his danger, and used no care to protect himself from injury. When the special finding of facts is irreconcilably in conflict with the general verdict, the former must control. If a single fact is found that precludes recovery, the special findings control. *Cleveland, etc., R. Co.* v. *Johnson,* 7 Ind. App. 441; *American Wire Nail Co.* v. *Connelly,* 8 Ind. App. 398; *Consolidated Stone Co.* v. *Redmon,* 23 Ind. App. 319.

In *Pennsylvania Co.* v. *Meyers,* 136 Ind. 242, the Supreme Court say: "It is the established rule that such a motion can only be sustained where the answers to the special interrogatories can not be reconciled with the general verdict upon any supposable state of the evidence, and where, as here, the issue was made by the answer of the general denial only, and such special findings controvert some fact or facts which constitute an essential and indispensable part of the plaintiff's cause of action. In such a case, the special findings are in irreconcilable conflict with the general verdict. In the case at bar, the general verdict necessarily affirms that the intestate looked and listened for the approach of the train that struck and killed him, and that he exercised due care and caution to avoid the injury occasioned thereby. All of this is flatly contradicted by the special findings. In case of such conflict, the statute requires us to treat the special findings as true, and the general verdict, to the extent of such conflict, as untrue; and requires us to hold that the former shall control the latter, and to give judgment accordingly."

The fact that appellant was a licensee could not release him from the exercise of care to protect himself from injury: that care is incumbent alike upon a licensee and a trespasser. The contributory negligence of appellant affirmatively appears from the special findings, and the trial court correctly rendered judgment in favor of appellees.

Judgment affirmed.

Roby, C. J.—I concur in the decision so far as it is based upon the merits of the case. I concede its correctness upon the questions of practice under the authorities, but I regard them as too artificial for the purposes of substantial justice.