### JOHNSTON GLASS COMPANY *v.* LUCAS.

[No. 4,831. Filed January 10, 1905.]

1. APPEAL AND ERROR.—*Complaint.*—The separate paragraphs of a complaint can not be challenged for the first time on appeal. p. 419.
2. SAME.—*Separate Demurrers.*—*Joint Exception.*—Where separate demurrers were filed to the paragraphs of a complaint, but the exception was "to which ruling of the court the defendant at the time excepted," such exception was joint, and no error is presented on a separate assignment. p. 419.
3. SAME.—*Judgment on Demurrer.*—*Exception.*—*Assignment Thereon.* —Where judgment was rendered against defendant on his failure to plead further, "to which ruling of the court the defendant at the time excepts," and the defendant assigned as error that "the court erred in rendering judgment for appellee upon demurrer," such assignment presents no question. p. 419.

From Blackford Circuit Court; *Edwin C. Vaughn,* Judge.

Action by Noah Lucas against the Johnston Glass Company. From a decree for plaintiff, the defendant appeals. *Affirmed.*

*A. M. Waltz* and *E. W. Secrest,* for appellant.

*Jay A. Hindman, Sydney W. Cantwell* and *Luther B. Simmons,* for appellee.

MYERS, J.—This action was commenced by appellee to enjoin appellant from sinking a natural gas or oil well on fifteen-sixteenths of an acre of real estate theretofore conveyed by appellee to Licking township, in Blackford county, Indiana. The complaint is in two paragraphs; the first paragraph filed December 5, 1901, and the second, January

14, 1902. January 1, 1902, appellant filed its demurrer to the first paragraph, and on January 17, 1902, it filed a demurrer to the second paragraph of complaint. The ruling of the court on the several demurrers, and the exception taken, is set forth in the following entry: "Come now the parties by counsel, and the separate demurrers hereto filed by the defendant, to each paragraph of plaintiff's complaint is now overruled by the court, to which ruling of the court the defendant at the time excepted."

1.   The first and third assignments of error challenge separately for the first time on appeal, for want of facts, the sufficiency of each paragraph of the complaint, and present no question for our decision. It has been repeatedly held by the Supreme Court, as well as by this Court, that where a defendant desires to test the sufficiency of a particular paragraph of complaint, the proper and only way to do so is by demurrer. *Ashton* v. *Shepherd* (1889), 120 Ind. 69, and cases cited; *Hutchings* v. *Hay* (1892), 132 Ind. 369; *DeVay* v. *Dunlap* (1893), 7 Ind. App. 690.

2.   The second and fourth assignments of error are based upon the exception taken by appellant to the ruling of the court on the two demurrers to the complaint, as above stated, and present no question for decision. *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 63 L. R. A. 460.

3.   The defendant in the lower court, appellant here, refusing to plead further, the court rendered judgment, and the temporary restraining order theretofore issued was made permanent, "to which ruling of the court the defendant at the time excepts." On this ruling the appellant in this court makes the following assignment of error: "Fifth. The court erred in rendering judgment for appellee upon demurrer." This assignment is held not to be such a specific assignment as required by §667 Burns 1901, §655 R. S. 1881, as to present to this court a question for consideration. *Seisler* v. *Smith* (1898), 150 Ind. 88, and cases cited; *Hill* v. *Indianapolis, etc., R. Co.* (1903), 31 Ind.

App. 98. As such assignment of error is not discussed by appellant, it may also be considered as waived.

Having disposed of all the errors assigned, and there appearing no reason for reversing the judgment, the same is in all things affirmed.