## HOUSE v. CARDINAL ET AL.

[No. 9,807. Filed February 19, 1919.]

1. APPEAL.—*Continuances.*—*Discretion of Trial Court.*—*Review.*— Under the statutes the trial court has a discretion in granting continuances, but the discretion is subject to review on appeal, and, where it appears that it has been abused, a reversal necessarily results. p. 429.

2. CONTINUANCE.—*Motion for Continuance.*—*Showing.*—*Sufficiency.* —Where, in a proceeding by an administrator to sell lands to pay debts, a showing that the administrator would be a witness on his own behalf, and that his presence was necessary in the proper conduct of the case, but that he was sick and under the care of a physician, who certified that it would be absolutely inadvisable for him to engage in a trial of the suit at the time, was sufficient to entitle plaintiff to a continuance, and a denial constituted an abuse of the trial court's discretion. p. 429.

3. APPEAL.—*Transcript.*—*Time for Filing.*—*Statute.*—In an appeal governed by §2978 Burns 1914, Acts 1913 p. 65, a transcript filed within 120 days from the date of the overruling of the motion for new trial is in time. p. 430.

From Vanderburgh Circuit Court; *Duncan C. Givens,* Judge.

Proceedings by James M. House, administrator with the will annexed of the estate of Helena Combs, deceased, to sell real estate to pay debts, opposed by Frank Cardinal and Edward Combs. From an adverse judgment, the administrator appeals. *Reversed.*

*Lane B. Osborn* and *Frank Ely,* for appellant.

*E. P. Richardson,* *A. H. Taylor* and *Embree & Embree,* for appellees.

ENLOE, J.—This is a proceeding by appellant as administrator, with the will annexed, of the estate of Helena Combs, deceased, to sell certain lands to pay debts. The proceeding was brought in the Knox Cir-

cuit Court and by successive changes of venue was finally sent to the circuit court of Vanderburgh county for trial. There it was placed on the trial calendar and set to be tried on January 13, 1915.

It appears from the record that one Lane B. Osborn, an attorney at Evansville, had been retained by appellant to assist in the trial of the case in the Vanderburg Circuit Court, and upon the day upon which said case was to be tried as theretofore set, and before the trial of said cause had begun, the said Lane B. Osborn, as such attorney, filed on behalf of appellant a motion for a continuance of said cause, which said motion was supported by the affidavit of said Lane B. Osborn, the certificate of one Dr. S. C. Beard, a physician of Vincennes, and also the affidavit of the appellant herein.

This motion for a continuance was overruled by the court, to which ruling the appellant duly excepted, and in his motion for a new trial assigned as one of the reasons therefor the error of the court in overruling his aforesaid motion for a new trial.

The error assigned in this court and urged upon our consideration is the action of the trial court in overruling plaintiff's motion for a new trial.

1. Under our statutes the trial court has a discretion in the matter of granting continuances, but this discretion is subject to review on appeal, and, where it appears that it has been abused, a reversal necessarily results.

2. The affidavits in question show not only that the appellant would, on the trial of the case, be a witness on his own behalf, but that his presence was necessary in the proper management and conduct of the case. They further disclose that he

was sick, under the care of a physician, and had been forbidden by the physician to leave his home and attend this trial. His physician, in his certificate, certifies that it would be "absolutely inadvisable" for appellant to engage in the trial of a law suit at that time. This was a sufficient showing to entitle the plaintiff to a continuance. *Schwartz, Admr.,* v. *Parsons* (1898), 22 Ind. App. 340, 53 N. E. 785; *Pate, Exr.,* v. *Tait* (1880), 72 Ind. 450; *Welcome* v. *Boswell* (1876), 54 Ind. 297.

This court is reluctant to revise the decisions of lower courts in cases like this which rest upon their discretion, but cases sometimes reach us in which such a revision is both necessary and proper. We think the motion in this case, and the affidavits filed therewith, made such a case.

Appellee has moved to dismiss the appeal, because, as he alleges, the transcript was not filed in this court within the time allowed therefor by statute.

3. This appeal is governed by §2978 Burns 1914, Acts 1913 p. 65. The transcript shows that the trial was had and judgment rendered, January 13, 1916; that appellant filed his motion for a new trial on February 11, 1916, and that the same was overruled on March 16, 1916, at which time the appellant prayed an appeal, and was given thirty days' time in which to file bill of exceptions; that the bill of exceptions was duly presented, signed, sealed, and filed as a part of the record herein on April 10, 1916. The transcript was filed in this court July 11, 1916, within 120 days from the date of the overruling of the motion for a new trial, and was filed in time. *Simons* v. *Simons* (1891), 129 Ind. 248, 28 N. E. 702.

The judgment is therefore reversed, with directions to the court below to sustain appellant's motion for a new trial.