## CAMPBELL ET AL. *v.* O'NEILL, ADMINISTRATOR.

[No. 15,337. Filed February 10, 1937.]

*Hunter, Hunter & Hunter,* for appellants.

*Pence, O'Neill & Diven* and *J. R. Hinshaw,* for appellee.

CURTIS, J.—The action in the trial court was by a petition filed by the appellee Philip B. O'Neill, as administrator with the will annexed of the estate of Joseph D. Cronin, deceased, for the sale of the real estate of the decedent to make assets for the payment of liabilities against said estate. The statute (§6-1111 Burns 1933, §3149 Baldwin's 1934) under which the proceeding was brought is as follows:

"6-1111 (3183). Petition to sell. Whenever an executor or administrator shall discover that the personal estate of a decedent is insufficient to satisfy the liabilities thereof, he shall, without delay, file his petition in the circuit court issuing his letters for the sale of the real estate of the deceased, to make assets for the payment of such liabilities. (Acts 1881 [Spec. Sess.], ch. 45, §111, p. 423.)"

Succeeding sections of the statute prescribe the steps to be taken in such a proceeding and are designed also to meet the contingencies that may arise therein. Only such sections as are particularly applicable to the instant case need be noticed herein. Sec. 6-1113 Burns 1933, §3151 Baldwin's 1934, sets out the requisites of the petition and it declares who shall be made parties. The amended petition in the instant case meets the requirements of the said section. Omitting the formal parts, said amended petition is as follows:

"AMENDED PETITION BY ADMINISTRATOR FOR ORDER FOR SALE OF REAL ESTATE.

"The plaintiff in the above entitled cause says, and shows and represents to the court that the said Philip B. O'Neill is the duly appointed, qualified and acting administrator, with the will annexed, of the estate of Joseph D. Cronin, deceased, under appointment by Madison Circuit Court, Indiana.

That the said Joseph D. Cronin died testate as to all of his property both real and personal, including the real estate hereinafter described in Madison County, Indiana, on the 13th day of June, 1929, and his will was duly probated by said Madison Circuit Court and is of record in will record No. 8, page 23, in the office of the Clerk of said court.

That the defendants Elizabeth E. Cronin and Mary A. Campbell are the sole residuary legatees and devisees under said will of said Joseph D. Cronin, deceased.

That no personal estate of said decedent has come to the possession or knowledge of said administrator.

That claims have been filed and allowed against said estate in the sum of six hundred sixty-nine and fifty-hundredths ($669.50) dollars and there being no personal estate of said decedent, his real estate hereinafter described is liable to sale to make assets with which to pay the debts and liabilities of said estate and settlement thereof.

That said decedent died the owner in fee simple of the following described real estate in the County of Madison, State of Indiana, to-wit:

The undivided on-third in value of Lots One (1), Two (2), Three (3), Four (4), and Five (5) in Jonathan Jones First Addition to the City of Anderson, which is a part of the residuary estate of said decedent under the provisions of his will.

That the probable value of the interest of said decedent in said real estate exclusive of liens is the sum of one thousand ($1,000.00) dollars.

That the defendant City of Anderson is a duly incorporated City of the State of Indiana of the Second Class and claims and asserts some right, title or interest in and to said real estate and is made a party to this petition to answer as to any such right, title, or interest therein.

WHEREFORE, said petitioner prays an order of the court authorizing and directing him to make sale of said real estate and for all other necessary and proper relief, and being duly sworn upon his oath, said Philip B. O'Neill, administrator as aforesaid, says that the matters and facts stated, alleged and set forth in the above and foregoing petition are true in substance and in fact.

PHILIP B. O'NEILL.

Subscribed and sworn to before me this November 14th, 1932.

IDA A. LOVERITZ,
Notary Public.

My Commission expires Oct. 28, 1932."

To the amended petition the appellants, Mary A. Campbell and Elizabeth E. Cronin, filed three paragraphs of answer, the first being a general denial, the second alleging that all claims as set out in the amended petition have been fully paid before the commencement

of this action and the third paragraph alleged that there are no outstanding debts of any nature owing by said estate and that the appellants are the sole and only residuary legatees and devisees under said will. To said second and third paragraphs of answer the appellee filed a reply in two paragraphs, the first being a general denial and the second alleging that a certain claim of one John C. Armington filed in due form against the said estate had been disallowed and then transferred to the civil docket for trial, and that pending a trial said claim had been compromised as to the amount and a judgment entered against said estate for the sum of $669.00, being the amount agreed upon by compromise. The matter after change of venue was submitted to a special judge for trial. Before the change of venue had been taken certain rulings had been made as to the pleadings. These rulings need not be further noticed as the correctness thereof has not been questioned in appeal. The trial was had without the intervention of a jury over the objection of the appellants who had requested a jury trial.

On the 12th day of January, 1934, the court made and entered the following decision:

"And the court having heard the evidence and being sufficiently advised in the premises finds that the personal assets of said estate are insufficient to pay and discharge the debts and liabilities thereof and that the real estate in said petition described is liable to be made assets in the hands of said administrator to pay such indebtedness. The court further finds that to make assets for the payment of the debts and liabilities of said estate, it will be necessary to sell all of the decedent's interest in said real estate, and that the material allegations contained in the petition of said administrator are true, as therein stated and set forth."

The matter rested upon such finding and decision from January 12, 1934, to the third day of March, 1934, a

period of fifty days during which time no motion for a new trial was filed nor any other steps taken by the appellants in relation thereto. On the said third day of March, 1934, the appellee filed an appraisement of the real estate and his additional bond as required by law, whereupon the court rendered judgment as follows:

"It is, therefore, ordered, adjudged and decreed by the court that the plaintiff, Philip B. O'Neill, as administrator of the estate of said Joseph D. Cronin, sell the said real estate of said decedent described in said petition, the same being the following described real estate in the county of Madison, and State of Indiana, to wit:

The undivided one-third (⅓) in value of Lots One (1), Two (2), Three (3), Four (4) and Five (5) in Jonathan Jones First Addition to the City of Anderson.

That the same be sold by the administrator at private sale for cash without notice, for not less than the full appraised value thereof, as aforesaid, and subject to unpaid taxes thereon.

Said administrator is ordered to make due report to this court of his doings under the foregoing order."

Over the objection of the appellee, the appellants were permitted to file their motion for a new trial on the 12th day of March, 1934, which was at least 59 days after the decision above set out was made. This motion for a new trial was overruled with an exception reserved and this appeal prayed and perfected. The causes stated in the motion for new trial are as follows:

"(1) That the decision or finding of the court is not sustained by sufficient evidence.

(2) That the decision or finding of the court is contrary to law.

(3) That the court erred in refusing to allow the case to be tried before a jury, upon the request of defendants, Mary A. Campbell and Elizabeth E. Cronin."

The errors relied upon for reversal are:

"(1) The court erred in entering the judgment rendered in this cause, in that the judgment rendered was insufficient, no amount of money, to which claimant, John C. Armington, was entitled, if any, being determined by the court.

(2) The court erred in overruling the appellant's motion for a new trial."

The first error assigned which we have heretofore set out is too indefinite an assignment to present any question. It may be further said that if a judgment does not follow the finding or decision a proper motion must be addressed to it so that the trial court can correct it. This was not done in the instant case. The judgment was based upon the prior decision of the court and if any error existed it was in the decision upon which the judgment was rendered. See the following decisions among the many to the same effect: *Seisler* v. *Smith et al.* (1898), 150 Ind. 88, 46 N. E. 993; *Johnston Glass Company* v. *Lucas* (1905), 34 Ind. App. 418, 72 N. E. 1102; *Hill* v. *Indianapolis, etc., R. Co.* (1903), 31 Ind. App. 98, 67 N. E. 276; *Hawks et al.* v. *Mayor et al.* (1896), 144 Ind. 343, 43 N. E. 304; *Peel* v. *Overstreet et ux.* (1921), 190 Ind. 290, 130 N. E. 113; *Board of Commissioners of the County of Lake* v. *State of Indiana ex rel.* (1913), 179 Ind. 644, 102 N. E. 97.

This brings us to a consideration of the alleged errors sought to be brought before us for review by the motion for a new trial as above set out. The appellant has not seen fit to bring the evidence before us, therefore, any question sought to be presented to us by the motion which would depend upon the evidence is waived. This would leave only the third cause or ground of the motion. But the most serious obstacle to the appellant is the fact that the motion for a new trial was not filed until 59 days, at least, had elapsed after the decision was made. The motion, therefore,

came too late and is ineffective to present any question. *General Outdoor Advertising Company* v. *City of Indianapolis, etc.* (1930), 202 Ind. 85, 172 N. E. 309; Sec. 2-2403 Burns 1933.

No one in the instant case has suggested anything as to the appropriateness of a motion for a new trial in the proceedings under consideration. It seems to have been sanctioned in the practice. See: *House* v. *Cardinal et al.* (1919), 69 Ind. App. 428, 122 N. E. 11.

The appellants in their brief, in effect, admit that the decision in the instant case was made on January 12, 1934, which would be at least 59 days before their motion for a new trial was filed and there can be no doubt but that the decision we have previously set out is a decision of all the issues made by the petition and the pleadings, and it has been treated as such by the parties and by the trial court, but appellants contend that the 30 days' time for filing the motion begins to run from the date of the judgment and that having filed the motion within the 30 days from the date of the judgment that they are in time. They cite and rely upon the case of *Galentine* v. *Brubaker et al.* (1897), 147 Ind. 458, 46 N. E. 903, and *Leslie* v. *Ebnes* (1918), 67 Ind. App. 32, 117 N. E. 511. Neither of these cases are in point. What they do decide is that in an estate matter the appeal bond required by the statute for an appeal may be filed within 30 days after the date of the judgment or if the motion for a new trial is overruled after the judgment is rendered, that then the 30 days' time within which to file the appeal bond starts to run from the time the motion for a new trial is overruled. The Leslie case, *supra*, also holds that a motion for a new trial is appropriate in a suit upon a claim against an estate. We fully approve the above decisions.

From what has been said it follows that the motion

for a new trial having been filed too late is ineffective to present any of its causes for review. There are no independent assignments of error except the one attempted as to the judgment which we have heretofore discussed. We find no reversible error.

Judgment affirmed.