130 Ind. App. 138 (1959)
162 N.E.2d 320
WALKER
v.
PEOPLES BANK & TRUST COMPANY., ADMINISTRATOR, ETC.
No. 19,334.
Court of Appeals of Indiana.
Filed November 20, 1959.
*139 DeRoo Weber, of Mt. Vernon, for appellant.
Allyn & Hawley and K. Richard Hawley, of Mt. Vernon, for appellee.
GONAS, C.J.
The appellee herein, as Administrator of the Estate of Mary Ann Webb, deceased, filed a report of sale of real estate in the Posey Circuit Court on January 15, 1959. Thereafter, on January 17, 1959, appellant, an heir of the estate, filed objections to the sale in form of a petition to set aside said sale. The case was set for trial and heard by the court on January 20, 1959, and taken under advisement. On January 31, 1959, the court entered its findings and judgment wherein it approved and confirmed the sale of the real estate.
In its findings the court states that the property had been reappraised; that notice of the sale was made by publication as required by law; that the purchasers bid the highest and best bid received and more than the *140 appraised value thereof; that the real estate was sold to the purchasers and the purchasers paid full purchase price in cash; that a certificate of purchase was issued to them; that the sale was made at the price and terms most advantageous to the estate "and in all respects in conformity with law and ought to be confirmed." The court then approved the deed and ordered it delivered to the purchasers.
No motion for a new trial was filed. Appellant filed his bill of exceptions within thirty days, appealing to the Indiana Supreme Court, erroneously believing the court's decision to be an interlocutory decree. Appellee filed its petition to transfer the cause to this court, which petition was granted, as such decision was a final judgment and not an interlocutory decree. Smith v. Zumpfe (1940), 217 Ind. 431, 27 N.E.2d 878.
Appellant's assignment of errors contains six specifications as follows:
"1. The court erred in overruling Appellant's motion to set aside the report of sale of certain real estate on the ground that Viola Moorman was not notified by the administrator of the sale of said real estate as required by law.
"2. The court erred in overruling the Appellant's motion to set aside the report of sale of certain real estate on the ground that the persons who were appointed appraisers to re-appraise said real estate were not sworn upon their oath prior to the time that said real estate was appraised by them.
"3. The court erred in overruling the Appellant's petition, filed January 17, 1959, to set aside the sale of certain real estate.
"4. The court erred in ordering the sale of real estate in its order of January 31, 1959.

*141 "5. The court erred in ordering the administrator to deliver the possession of real property in its order of January 31, 1957.
"6. The court erred in confirming the sale of real property in its order of January 31, 1959."
Each of these specifications pertains to the trial of the cause. In specifications 1 and 2, appellant states that the court erred in overruling appellant's motion to set aside the report of sale. By this, the appellant is referring to the petition filed by him on January 17, 1959. Whether or not there was sufficient notice and proper appraisal were matters determined by the trial court. Specification 3 is a general objection to the decision of the court. Specifications 4, 5 and 6 all refer to what action was taken by the court pursuant to its findings, decree and judgment.
Appellant is actually attempting to say that the decision of the court was not sustained by sufficient evidence and was contrary to law. These are specifications of error which must be set forth in a motion for new trial. No such motion was presented here, although it has been considered by our courts to be proper practice in cases of this type. House v. Cardinal (1919), 69 Ind. App. 428, 122 N.E. 11; Campbell v. O'Neill, Admr. (1937), 103 Ind. App. 184, 5 N.E.2d 988. Matters which come under one of the statutory motions for new trial may not be made the basis of independent assignment of errors. Our statutes provide that where error is present because the decision is not sustained by sufficient evidence or is contrary to law, it should be set forth by motion for new trial. Burns' Ind. Stat., § 2-2401, subsection 6. Such errors cannot be presented by independent assignment of errors. Indiana Trial and Appellate Practice, § 2386, *142 pp. 156, 157, and authorities cited. The assignments presented by appellant therefore present no question.
Judgment affirmed.
NOTE.  Reported in 162 N.E.2d 320.